## Pennsylvania Company for Insurance on Lives and Granting Annuities, Appellant, *v.* Bruner.

*Exemption—Debtor's exemption—Appeal bond—Mortgage—Act of April 9, 1849, P. L. 533.*

1. An appeal bond is subsidiary to the judgment appealed from, and the question whether or not the exemption allowed by the Act of April 9, 1849, sec. 1, P. L. 533, can be claimed on an execution upon the judgment in an action upon the bond is to be decided with regard to the nature of the original action.

2. If the original action sounded in tort and the defendant was not entitled to his exemption therein, then he and his surety cannot claim the exemption in an action on the appeal bond; whereas if the original action sounded in contract and the defendant would have been entitled to claim the exemption therein, that right still remains in an action on the appeal bond, unless such right has been lost through fraud, deception or other reasons recognized as sufficient in law, and even then the right of the surety would not be affected, unless he were a party to the fault.

3. Where the original suit is upon a mortgage the surety upon the appeal bond is not entitled to the debtor's exemption.

Argued Oct. 15, 1909. Appeal, No. 180, Oct. T., 1909, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1875,

No. 1,030, making absolute rule for allowance of debtor's exemption in case of The Pennsylvania Company for Insurance on Lives and Granting Annuities, Trustee under the Will of William H. Gregg, deceased, v. Henry Naglee Bruner et al., Heirs at Law of Henry Naglee Bruner, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit upon an appeal bond.

Rule for debtor's exemption out of a fund raised by a sale under a judgment on an appeal bond.

The opinion of the Superior Court states the case.

*Error assigned* was in making absolute the rule allowing the exemption.

*E. Spencer Miller,* with him *Maurise G. Belknap, J. Granville Leach,* for appellant.—A recognizance of bail in error, is not a contract within the terms of the act of April 9, 1849: Com. v. Whiteside, 1 Lanc. Bar, 17; Com. v. Dougherty, 8 Phila. 366; Edwards v. Withrow, 6 Pa. C. C. Rep. 13; Pierce v. Lewis, 9 Pa. C. C. Rep. 250; Ellsworth v. Barstow, 7 Watts, 314; Katch v. Coal Co., 19 Pa. Superior Ct. 476; Com. to use v. Savage, 30 Pa. Superior Ct. 364.

Since the heirs of H. Naglee Bruner were neither debtors nor defendants, they were not entitled to exemption: Eberhart's App., 39 Pa. 509.

*A. J. H. Frank,* for appellees.

OPINION BY BEAVER, J., December 20, 1909:

The original suit, from the judgment in which an appeal was taken, and the recognizance upon which the present suit is founded was given, was a sci. fa. sur mortgage. Upon an appeal to the Supreme Court a recognizance was given, upon which the defendants in this case, or those whom they legally represent, were the sureties. A judgment upon the recognizance was duly obtained against the defendants and, upon an

execution thereon, an application was made to the court below for the benefit of the Act of April 9, 1849, P. L. 533, claiming the exemption of $300 for each of the recognizors or the representatives of one deceased. Appraisers were duly appointed who reported in the case of each application that the property levied upon, by virtue of the writ of fieri facias then in the hands of the sheriff, could not "be divided, without injury to or spoiling the whole, and therefore determining against a division of the said real estate, and valuing the same at the sum of forty-seven thousand dollars." Upon the sale of the property, the court allowed the exemption of $300 to each of the living recognizors and $100 each to three of the heirs of the third who was deceased, the final decree being "And now, to wit, July 6, 1909, the court order and direct the rule to show cause why the claimants should not be allowed exemption claims out of the proceeds of the sheriff's sale, be made absolute."

It was held in Ramsdell v. Seybert, 14 Pa. D. R. 247, in a carefully considered opinion by Judge Von Moschzisker that, "An appeal bond is subsidiary to the judgment appealed from, and the question whether or not the exemption allowed by the Act of April 9, 1849, sec. 1, P. L. 533, can be claimed on an execution upon the judgment in an action upon the bond is to be decided with regard to the nature of the original action.

"If the original action sounded in tort and the defendant was not entitled to his exemption therein, then he and his surety cannot claim the exemption in an action on the appeal bond; whereas, if the original action sounded in contract and the defendant would have been entitled to claim the exemption therein, that right still remains in an action on the appeal bond, unless such right has been lost through fraud, deception or other reasons recognized as sufficient in law, and even then the right of the surety would not be affected, unless he were a party to the fault."

Applying the principle here set forth, which seems to us to be founded in reason as well as upon authority, the question for inquiry is, Were the defendants in the original judgment

from which the appeal was taken to the Supreme Court and for which the recognizance or bond signed by the defendants was given, entitled to the exemption under the act? It is to be remembered that the original action was a scire facias upon a mortgage.

In Gangwere's App., 36 Pa. 466, it was definitely determined, settling what was theretofore a somewhat vexed question, that:

"The exemption law of 1849 does not apply to a debt secured by mortgage, so as to exempt any part of the mortgaged premises from sale, under proceedings on the mortgage, or the bond accompanying it, as against the mortgagee.

"That act is a limitation of the remedy given by the law against a debtor's property; but does not interfere with such as arise out of the express contract of the parties. A mortgage is, in its nature, a contract waiver of the rights of exemption."

In the opinion in this case, in which Mr. Justice WOODWARD speaks for the court, it is said: "The exemption law of 1849 is, by its own terms, inapplicable to mortgages given for purchase money of lands, and after several judicial intimations that it was not to be applied to any mortgage· debt however it arose, we declared in McAuley's App., 35 Pa. 209, that such was the proper interpretation of the statute. The proceeding in that case was upon the bond accompanying the mortgage, and it was not, I believe, a mortgage for purchase money. The point ruled was, that the debt, because secured by mortgage, was not within the purview of the exemption statute. The opinion of the learned judge, in the case now before us, was in accordance with that ruling, and our duty would be performed by simply affirming the distribution he decreed.

"But counsel having addressed to us a very earnest argument to prove that the received construction of the statute is wrong, we will state more at large than has been done heretofore the reasons on which that construction rests." Then follows an exhaustive discussion of the subject, upon which the conclusion is reached, "that no mortgages, neither pur-

chase money mortgages nor others, were within the purview of the statute." See also Peebles's Est., Peebles's App, 157 Pa. 605.

The defendants in the original suit upon the mortgage being, therefore, denied the benefits of the exemption laws, we are of the opinion that the bail upon the bond for the appeal to the Supreme Court from the judgment entered therein were likewise not entitled to the benefit of the said act.

Inasmuch as this conclusion is fundamental and includes the entire question, it is unnecessary to consider the other grounds upon which the appellants claim that the decree of the court below was erroneous.

The decree making absolute the rule to show cause why the claimants should not be allowed the exemption claims out of the proceeds of the sheriff's sale, is reversed and the record remitted to the court below, so that distribution of the funds in the hands of the sheriff may be made in accordance with this opinion. The costs of this appeal to be paid by the appellees.