## Cohen's Estate.

*Jacob Weinstein*, for petitioner; *Morris Duane*, contra.

GEST, J., February 26, 1932.—Samuel Cohen was executor of Abraham Cohen, and at the audit of his account there was awarded to Lena Cohen, widow of Abraham Cohen, her widow's exemption of $500. There was not sufficient cash in the estate to pay this award, but the executor was surcharged by the auditing judge because, acting under the erroneous advice of his counsel, he made unauthorized payments from the estate, which depleted the cash. Afterwards an order to pay issued, and this not having been complied with, an attachment issued, but upon the hearing the executor was discharged.

Lena Cohen, the widow, then procured a writ of fieri facias under section 18 (a), paragraph 3, of the Orphans' Court Act, under which the sheriff levied on certain personal property as the estate of Samuel Cohen to satisfy the claim of Lena Cohen, amounting to $438.52. Samuel Cohen thereupon filed his claim with the sheriff for his debtor's exemption under the Act of April 9, 1849, P. L. 533, 2 Purd. 1522, and requested the sheriff to appoint appraisers to set aside to him property to the value of $300 out of the goods so levied upon under the fi. fa.

The act of assembly is in words following: "Be it enacted . . . That in lieu of the property now exempt by law from levy and sale on execution, issued upon any judgment obtained upon contract and distress for rent, property to the value of three hundred dollars, exclusive of all wearing apparel of the defendant and his family, and all Bibles and school books in use in the family (which shall remain exempted as heretofore) and no more, owned by or in possession of any debtor, shall be exempt from levy and sale on execution or by distress for rent."

It seems very clear to us that the decree of this court directing a fiduciary to pay the widow's exemption does not come within the words of the statute as a "judgment obtained upon contract." It results from a fiduciary obliga-

tion and has nothing to do with a contract express or implied. The act in this respect is strictly construed. It does not apply in cases of tort, Edwards *v.* Mahon, 5 Phila. 531; nor in a landlord and tenant case to recover damages for detention of the property, Smith *v.* Carter, 17 Phila. 344; nor to the case of a sale on levari facias under a mortgage, Morgan *v.* Noud, 1 Phila. 250, where Sharswood, J., said: "It is very plain that the legislature meant by 'judgments on contracts' judgments upon personal contracts;" nor does it apply to the case of a sale on a judgment upon a bond secured by mortgage: McAuley's Appeal, 35 Pa. 209.

In Woods's Estate, 7 W. N. C. 84, it was held that a defaulting administrator could not claim his exemption. In Taylor's Estate, 20 Phila. 101, 27 W. N. C. 316, a guardian was removed on petition and ordered to pay the costs. While this court held that he was entitled to claim his exemption from goods seized under a fieri facias, the court expressly said that the costs were a debt due from the administrator upon his implied contract to pay them should he prove an unsuccessful party before the court, adding that he was not in default by reason of fraud or negligence equivalent to fraud, but simply as a mistaken suitor. But in the present case, while the administrator was not guilty of an intentional devisavit, he misused the funds of the estate acting under the advice of his former incompetent counsel, who is morally, at least, responsible for the whole trouble. While we sympathize with the administrator, we do not see our way clear to allow him to claim his exemption, and the petition is, therefore, granted.