## Federal National Mortgage Corporation v. Oehling

*Samuel C. Holland* and *Robert J. Stock*, for exceptants.

*Thomas W. King, III*, for respondent.

DILLON, *J.*, June 5, 1978—These exceptions are to the sheriff's schedule of distribution allowing debtor's exemptions pursuant to the Act of April 9,

1849, P.L. 533, 12 P.S. §2161, in each of these mortgage foreclosure actions: Mayhugh v. Coon, 460 Pa. 128, 331 A. 2d 452 (1975). The sheriff allowed two $300 debtor's exemptions, one on behalf of each defendant, in each of the above foreclosure actions. The sheriff's position is that he was doing this on advice of counsel, based on the dicta in the case of Allison Park Savings and Loan Association v. Greiner, A.D. No. 76-032, Book 106, Page 324, a case decided by this court. However, the holding in that case is merely that a debtor cannot claim two exemptions, one in bankruptcy and one in mortgage foreclosure. Any other dicta coming from that case is expressly overruled.

In a learned opinion, President Judge John Henderson of Lawrence County has traced the history and case law of mortgage foreclosures and debtor's exemptions in Dollar Savings & Loan Association v. Sigler, 74 D. & C. 2d 192 (Lawrence, 1976). His conclusion is the same as the one we take: debtor's exemptions cannot be claimed against the mortgage foreclosure proceedings by the mortgagor. This is true whether the foreclosure is an action in law on the note, bond, or security; a common law remedy of ejectment to gain possession; or an action of mortgage foreclosure pursuant to Pa.R.C.P. 1141-1148 and the Act of 1705, 1 Sm. L. 57, sec. 6, 21 P.S. §791; Dollar Savings and Loan Association, supra, at 206-208. This result is mandated by the holdings of several Supreme Court decisions cited in Sigler spanning the years from 1850 to 1909.

This court is aware that the note in Pa.R.C.P. 3180 reads: "Where judgment is entered on the obligation secured by the mortgage, execution shall be in accordance with the rules governing the en-

forcement of judgments for the payment of money."

However, Pa.R.C.P. 3181 provides for conformity to rules governing enforcement of judgments for payment of money. Incorporated into this rule are 12 provisions from the general rules on enforcement of money judgments for the payment of money. It must be noted that no part of Rule 3123, relating to debtor's exemptions, is incorporated.

In McAuley's Appeal, 35 Pa. 209, 11 Casey 204 (1860), and subsequent cases, the substantive law holding is that when a mortgagee elects to proceed upon the bond in mortgage foreclosure, the mortgagor has no right to a debtor's exemption in the proceeds: McAuley at 209-210. The Rules of Civil Procedure "were not intended to change the substantive rights of the parties." Templeton Appeal, 399 Pa. 10, 159 A. 2d 725, 729 (1960). Therefore, the substantive rights of the parties here remain as they have been via numerous, unreversed Supreme Court decisions between 1850 and 1909, cited in Sigler. Those decisions hold that the Debtor's Exemptions Act of April 9, 1849, P.L. 533, 12 P.S. §2161, does not apply to mortgage proceedings and thereby gives the debtor no substantive right in the mortgage foreclosure proceeds. These cases base this opinion on the long recognized distinction between actions in rem or de terris, involved in mortgage foreclosures, and actions in personam, where judgment is taken against the person. They will be followed in the future by the sheriff of Butler County in distributing mortgage foreclosure proceeds. The only time a mortgagor could receive a debtor's exemption is where the mortgagee obtains a deficiency judgment in personam against the debtor.

## ORDER

Now, June 5, 1978, in conformance with the foregoing memorandum opinion, it is ordered:

(a) The exceptions of Dollar Savings Bank to the allowance of $600 debtor's exemptions in the case docketed at E.D. no. 77-136, Book 112, page 462, are sustained. The Sheriff of Butler County is directed to amend his schedule of distribution by deleting said $600 debtor's exemptions.

(b) The exceptions of Federal National Mortgage Corporation to the allowance of $600 debtor's exemptions in the case docketed at E.D. no. 77-156, Book 112, Page 482, are sustained. The Sheriff of Butler County is directed to amend his schedule of distribution by deleting said $600 debtor's exemptions.

(c) The original of this opinion and order of court is to be filed at E.D. no. 77-156, and a duplicate is to be filed at E.D. no. 77-136.

(d) In addition to the usual notice of this opinion and order to counsel of record, notice is also to be given by the prothonotary to each of defendants at his or her last known address by ordinary mail.