# King's Appeal.

The main purpose of the Exemption Act of 1851 was to provide for the widow, and its meaning and spirit to limit its operation to the property left by the husband or father. It was not therefore intended to apply to the property of a wife and mother, and the children cannot after her decease claim the exemption out of her separate property.

May 21st 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, WOODWARD and STERRETT, JJ. PAXSON, J., absent.

Appeal from the Orphans' Court of *Adams county:* Of May Term 1877, No. 140.

Adam Sowers died in 1868, leaving a widow, Lucinda, and three minor children, of whom John L. Bupp was appointed guardian. The widow married Isaiah King, in 1876. The children did not make their home with the step-father, but lived elsewhere, under arrangements made by the guardian. Their mother died in December 1876, seised and possessed of certain real estate and personal property. The husband administered upon the estate, and to him the guardian applied to have appraised and set apart $300 worth of property elected to be retained by him for the use of the children under the provisions of the Act of April 14th 1851, Pamph. L. 612, Purd. Dig. 416, pl. 60. King refused, and the guardian obtained a rule upon the administrator to show cause why the property should not be appraised and set aside for the use of his wards, who in his answer denied that the petitioner was in law entitled to have the same so appraised and set aside.

The court, after argument, made the rule absolute, and hence this appeal.

[King's Appeal.]

*David Wills* and *R. G. McCreary*, for appellant.—The intention of the legislature was to limit the provisions of the Act of 1851 to the estate of a deceased husband or father. The purpose of the act was to make an immediate provision for the wants of the family : Hettrick *v.* Hettrick, 5 P. F. Smith 290 ; Terry's Appeal, Id. 344 ; Sipes *v.* Mann, 3 Wright 414 ; Nevin's Appeal, 11 Id. 230.

Children under the care of a guardian and who are not inmates of their home, are not the beneficiaries contemplated by the act : Nevin's Appeal, *supra*.

*W. A. Duncan*, for appellees.—The children, as well as the widow, are entitled to the benefits of the act : Nevin's Appeal, 11 Wright 230 ; Hettrick *v.* Hettrick, 5 P. F. Smith 292. The act does not limit its benefits to the estate of the deceased father or husband, but includes the estate of a mother who has minor children. Actual residence with the deceased is not necessary to entitle children to benefits : Hettrick *v.* Hettrick, *supra*.

Mr. Justice MERCUR delivered the opinion of the court, October 1st 1877.

The precise point in contention is presented for the first time in this court : that is, whether, in case a wife and mother, living with her husband, and owning separate property, dies leaving children, they are entitled to three hundred dollars' worth of her property, under the Act of 14th April 1851. That act declares " the widow or the children of any decedent, dying within this Commonwealth, testate or intestate, may retain either real or personal property, belonging to said estate, to the value of three hundred dollars, and the same shall not be sold, but suffered to remain for the use of the widow and family." Although the act says " the widow or the children" may retain, yet it has been held if there be a widow, the children of the decedent are not entitled to any portion of this exempt property. It all vests in the widow only : Nevin's Appeal, 11 Wright 230. In so far as the widow's affection influences her, she may be said to hold for herself and family ; that is, for the use of those children who remain with the family. The widow, however, has the sole right of its appropriation and disposal. The main object of the act is to provide for the widow. On the death of the husband and father, so much of his property is transferred to his widow, to be used by her as he might have used the same in his lifetime. It is only in case no widow survived to accept this charity of the statute, that it passed to the children. Hence it was well said by Mr. Justice STRONG, in Nevin's Appeal, *supra*, the act " has always been construed rather according to its spirit than its letter."

The husband and father is liable for the support and maintenance of his wife and children while they remain members of his family.

[King's Appeal.]

To entitle the widow to her three hundred dollars' worth of her husband's property, she must have sustained the relation of his wife at the time of his death.   Hence if she had deserted him, or lived separately from him so long as not to be a part of his family, she thereby forfeits her right to this property: Tozer *v.* Tozer, not reported; Spier's Appeal, 2 Casey 233; Hettrick *v.* Hettrick, 5 P. F. Smith 290; Terry's Appeal, Id. 344.

As part compensation for the loss of his support and maintenance, his property, to a limited amount, shall be substituted.   The wife is not, to a like extent, liable for the support of her children. She may be removed by death, yet the husband, the head of the family, with his continued liability, remain.   It is contended that, inasmuch as the children now claiming through their guardian, are not heirs of the surviving husband, but of their deceased mother, this statute applies to their mother's property and transmits it to them.   So far as her property is given to them under the intestate laws, they undoubtedly take it; but that is not the question now before us.   The attempt here is to take the property out of the operation of the intestate laws.   We think this cannot be done.   During the life of the wife her property was not primarily liable for the support of these children.   The effort is not then to require it to "remain" for their support, as before, but to subject it to new uses and purposes.

The main purpose of the act is to provide for the widow.   Its meaning and spirit limit its operation to the property left by the husband or father.   It was not intended to apply to the property of a wife.   This view is in harmony with all our decisions giving construction to the statute.   The learned judge therefore erred in making the rule absolute.

> Decree reversed, and rule discharged at the costs of the appellee.