## Himes's Appeal.

1. The real and personal property of a decedent who was a widow at the time of her death was appraised at less than $300. Her only surviving child claimed to have the property set apart to her use under the Act of April 14th 1851, which claim the court sustained. *Held,* that the court was right in ordering the property to be set off to the minor child.

2. King's Appeal, 3 Norris 345, distinguished.

May 10th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. SHARSWOOD, C. J., and GREEN, J., absent.

Appeal from the Orphans' Court of *Bedford county :* Of May Term 1880, No. 158.

Appeal of Catharine Himes from the decree of the court confirming the appraisement setting aside $300 worth of property of Susan Anderson, deceased, for the use of the minor child of decedent. Susan Anderson died on the 13th of November 1877, intestate, leaving to survive her one child, Francis Anderson, a minor. Her husband had deserted her, and had not been heard of for more than seven years previous to her death. At the time of her death, she owned and possessed personal property and a tract of land comprising about twenty-six acres. The whole of this property was appraised at less than $300, and set apart for the surviving child of deceased, under Act of 14th April 1851. The deceased owed a number of debts, among them a debt of $75 to the appellant, Catharine Himes, who nursed and waited on her during her last illness.

The appraisement of the property, valuing it at less than $300, was presented to the court for approval and confirmation, when the exceptions of Catharine Himes were filed, and the question of allowing the $300 under the act was referred to an auditor, John H. Jordan, Esq.

The auditor, inter alia, reported: "Up until the decision in King's Appeal, 3 Norris 345, the opinions of the courts giving constructions to the statutes were with reference to the claims of the widow and children upon the estates of deceased husbands. The decedent recognised in the acts was the husband, and in King's Appeal, *supra,* the question was first presented to the Supreme Court, whether the word decedent, used in the act, did not embrace the mother, and whether, in case of her death, $300 worth of her property did not pass to her children in like manner as property is set apart in case of the death of the husband. The court held that ' the main purpose of the act is to provide for the widow. Its meaning and spirit limit its operations to the property left by the husband or father. It was not intended to apply to the property of a wife. This view is in harmony with all our decisions giving construction to the statute.' It is, therefore, evident to the auditor that the proceedings by appraisement to set apart

the property of the deceased mother, so as to vest title to the same in her child, have been irregular, and that under the decisions above cited, the child is not entitled to have the property so appraised and set apart for her use. The appraisement made, and the proceedings had thereon, should be dismissed."

Exceptions were filed to this report, which the court, Hall, P. J., sustained, in an opinion, inter alia, saying: "If the husband dies leaving no widow, but minor children, they are the family within the meaning of the act, and entitled to the benefit of the act. Why should not the children of a widow be entitled to the same privilege in her estate? They need the benefits of the act as much as any others. They are left without father or mother, and have no one legally responsible for their maintenance. They come within the spirit of the act, and there are no words excluding them. King's Appeal, 3 Norris 345, is not this case. That was the estate of a wife leaving a husband. In the latter part of Judge Mercur's opinion, he says the act is limited to the estate of a husband or father, and does not apply to the estate of a wife. The former part of the expression may be considered as an *obiter dictum*, for that was not the question before the court. The latter part was the direct question involved in the case. The statute does not apply to the estate of a wife. But it does not follow that it may not apply to the estate of a widow, leaving a minor child, or minor children wholly dependant upon her. The mischief intended to be provided against by the statute, stripping a dependant family of all means of support, and the plain and manifest spirit of the act seem to require that its beneficent provisions be extended to the minor children of a widow. Holding this to be the true construction of the statute, the appraisement is approved."

Catharine Himes took this appeal, and alleged that the court erred in setting apart the property to the minor child; that it being the separate property of the mother, the minor is not entitled to it under the act, in preference to the creditors of deceased.

*Alexander King*, for appellant.—It has been ruled in Nevins's Appeal, 11 Wright 230, that where there is a widow and children, the $300 goes to the widow absolutely, and that it is given to the children only in cases where there is no widow; that the main object of the act was to provide for the widow. Whether the children are entitled to $300 out of the separate property of the mother was first presented to this court in 1877 in King's Appeal, 3 Norris 345. In that case it was held that the minor children were not entitled to the exemption out of the mother's estate.

*Spang & Cessna*, for appellees.—The decision In King's Appeal, *supra*, is not in conflict with this case. The question in

that case was whether or not the child of a wife who left a husband in full life and being, was entitled to the benefit of the $300 exemption law. The question in the present case is whether the child of a widow shall be allowed such claim. The following cases fully sustain the ruling of the court below: Burrell Twp. *v.* Pittsburgh Guardians of the Poor, 12 P. F. Smith 472; Sipes *v.* Mann, 3 Wright 414; Terry's Appeal, 5 P. F. Smith 344; Hettrick *v.* Hettrick, Id. 290.

The judgment of the Supreme court was entered, May 24th 1880,

PER CURIAM.—This contention is as to the right of the appellee to have. the property of her deceased mother, in value less than three hundred dollars, set off to her under the act of 14th April 1851. The appellee is a minor, and her mother, before and at the time of her death, was a widow. It is contended that the appellee is not entitled to it, under the authority of King's Appeal, 3 Norris 345. In seeking to ascertain the true ruling in any case, due regard must be had to the facts on which it was decided. The contention there was between the husband of the deceased wife and her children. The children of the wife sought to claim it against the rights of her surviving husband. Here there was neither husband nor wife. It was the property of a widow, and the contention is between a creditor and her only child. No marital rights of a husband are invoked, and the child does not claim property derived from a wife, but from a widow. The facts are so essentially different that the rule declared in King's Appeal does not apply. We adhere to the correctness of that ruling whenever applicable. To strain the principle there declared so as to control the present case, would do violence to its spirit and defeat the humane provisions of the statute. The learned judge was clearly right in distinguishing that case from the present, and committed no error in ordering the property to be set off to the minor child.

Decree affirmed, and appeal dismissed at the costs of the appellant.