# Appeal of Wanger, Guardian, &c.

1. Where a widow acquires land by devise from her husband, she takes it subject to the lien of his outstanding debts, and upon her death, a minor child is not entitled to $300 exemption (under the Act of April 14, 1851) out of such land as the property of his mother, to the exclusion of such creditors of his deceased father.

2. King's Appeal, 3 Norris, 345, and Himes's Appeal, 13 Nor., 381, distinguished.

February 13, 1884. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, and GREEN, JJ. CLARK, J., absent. PAXSON, J., did not sit.

APPEAL from the Orphans' Court of *Chester county:* Of July Term, 1883, No. 132.

Appeal of Abraham Wanger, guardian of William Lewis, a minor, from a decree of said court, dismissing his exceptions to the report of an auditor, appointed to audit the account of

the administrator of Margaret Lewis, deceased, and to report distribution of the funds in said administrator's hands, and distributing the fund.

Before the said auditor (John H. Brinton, Esquire), the following facts appeared: William Lewis, who was owner of a certain house and lot in West Chester, borrowed $1000 from one Joshua N. Peirce, giving as security therefor his judgment bond, with a waiver of exemption. Judgment was entered on this bond April 1, 1878. On November 21, 1878, William Lewis died, leaving a widow, Margaret Lewis, and one son, William Lewis. His will contained, *inter alia*, the following clause:

"I give, devise and bequeath all my estate, real and personal, that shall be left after the payment of my just debts, to my beloved wife, Maggie Lewis, absolutely."

At his death the judgment for $1000 was still unpaid, and he also owed divers other small sums evidenced by book accounts.

Margaret Lewis died on November 3, 1881, without having paid the said debts of William Lewis, deceased. Letters of administration were granted on her estate, and the minor son, William Lewis, by his guardian, Abraham Wanger, then claimed to have $300 set apart to him out of his mother's estate—which consisted chiefly of the said house and lot. The appraisers of her estate reported that division thereof could not be made without injury to the whole, and the real estate was afterwards sold by the administrator by order of court.

The administrator subsequently filed his account, in which he took credit for the expenses of settling the estate, and for the minor's claim of $300, showing a balance for distribution of $37.01 personalty, and $857.60 of real estate. To the credit of $300, Joshua N. Peirce, the judgment creditor, excepted.

The auditor appointed to pass upon these exceptions and to make distribution surcharged the accountant with the $300, reported a distribution of the estate, paying the creditors both of William Lewis and Margaret Lewis in full, and awarding a small balance of $19.66 to the minor. Exceptions filed to this report by Abraham Wanger, guardian, were dismissed by the court in an opinion which was, *inter alia*, as follows:

" The question is presented on exceptions to the account of the administrator, and on distribution, whether the minor is entitled to $300 from the proceeds of this real estate. It is clear that such right exists as against the debts of his mother, the decedent. This is settled by the case of Himes' Appeal,

13 Norris, 381, where it is held that the minor child of a widow is entitled to the benefit of the Act of April 14, 1851. The auditor, in coming to a contrary conclusion, was governed by the case of King's Appeal, 3 Norris, 345, and his attention was not called to the later decision in 13th Norris, in which King's Appeal is distinguished and limited to its peculiar facts. See, also, Kelly's Estate, 1 Luz. Leg. Reg. Rep., 365.

"We are of opinion, however, that the minor cannot claim such exemption as against the debts of William Lewis, which are liens upon the land and entitled to be paid from its proceeds. His mother took the land by the devise encumbered with these liens. All she obtained or was entitled to under his will was what remained after the payment of the debts of her husband. Eberhart's Appeal, 3 Wright, 509; Rishell *v.* Rishell, 12 Wright, 243. After the payment of these liens the minor is entitled, under his claim, to whatever remains of the proceeds of the real estate. He is entitled to this as against the debts of his mother, from whose estate he claims the exemption. . . . . . "

The court, however, made a slight change in the manner of distribution reported by the auditor, paying the creditors of William Lewis, deceased, in full out of the realty, and a small balance of $18.80 to the minor; also paying Joshua N. Peirce nearly a year's interest after the sale was confirmed and the deed given. The personalty the court divided pro rata among the creditors of Margaret Lewis.

Wanger thereupon took this appeal, assigning for error the action of the court in dismissing his exceptions to the auditor's report, in refusing to allow the minor $300 out of the realty; and in allowing the principal of Peirce's judgment, without abatement for costs, and interest thereon after the confirmation of the sale.

*A. Wanger*, for the appellant.—The minor child of William and Margaret Lewis is entitled to have $300 out of the real estate of either William or Margaret Lewis, in preference to any of their creditors. Act of 1851, Purd. Dig. 416; Himes' Appeal, 13 Norris, 381. The application to the administrator of Margaret Lewis, by the minor for $300 exemption, was the only channel open to him for his rights under the law. This application and return of the appraisers had the same effect as if the death of Margaret had preceded her husband, William Lewis, and the minor had applied to the executor or administrator of his father. It is clear that the child, where there is no widow, has the right to the exemption. The Orphans' Court has sufficient equity power to control that question. Steffy and Shimp's Appeal, 26 P. F. S., 94. The

realty sold for $1301, a sufficient sum to pay the exemption lien of $300 in full, and the judgment of Joshua N. Pierce, for $1000. The interest of this judgment had been paid in advance up to the first of April, after the sale was confirmed. The price obtained for the realty paid both in full.

*William M. Hayes,* for the appellee.—Joshua N. Peirce and others were creditors of William Lewis, deceased. Margaret Lewis, the widow, only took from her husband what was left after the payment of his debts, and as the claim of the minor is for $300 out of his mother's estate, it cannot be allowed until after the said debts are satisfied. Eberhart's Appeal, 3 Wr., 509; Rishell v. Rishell, 12 Wr., 243.

The opinion of the Court was filed February 25, 1884.

PER CURIAM: The learned judge made the proper distinction between King's Appeal, 3 Norris, 345, and Himes' Appeal 13 Id., 381. In the former case the contention was between the surviving husband on the one side, and the children of his deceased wife on the other side. The attempt was to take from him property of his wife which the statute expressly gave him. We declared the Act did not intend to apply to the property of a wife. In the latter case the question did not relate to the distribution of the property of a wife, but to the property of a widow. The rights of a husband did not arise. It follows so far as that part of the case is presented this decree is right, and the court was also right in holding that the land passed to the mother encumbered by the liens with which it was charged when she acquired it. There was error in allowing any interest on the judgment in favor of the appellee, Peirce. The auditor allowed none. No exception was taken to this decision. The court gives no reason for the allowance. It was evidently inadvertently made. To the extent of the sum allowed for interest the decree must be modified.

> And now it is adjudged that so much of the decree as orders the sum of fifty dollars to be paid as interest on the judgment of Peirce, the appellee, be reversed and set aside, and said sum be decreed to the appellant as guardian of William Lewis, and the remaining portion of the decree be affirmed. It is further ordered that the appellant and the said appellee each pay one half of the costs of this appeal.