## Citizens Trust Company v. Funt et al.

*C. E. Stahle*, for petitioner.
*Keith & Sheely*, contra.

McPHERSON, P. J., June 17, 1935.—On April 5, 1921, Citizens Trust Company entered judgment against Grant Funt for $650, to no. 326, April term, 1921, based on a judgment note. This judgment was revived against the defendant, Grant Funt, on March 31, 1926, for the same principal sum, to no. 259, April term, 1926.

On January 15, 1929, Grant Funt, the defendant, died, intestate, leaving to survive him a widow, Rebecca Funt and a number of sons and daughters. A family agreement entered into between the widow and the children of the decedent, together with the wives and husbands of those who were married, conveyed to Rebecca Funt, the widow, by general warranty, three tracts of land which were all the real estate owned by the decedent. This deed was recorded in the office of the Recorder of Deeds of Adams County on March 28, 1929, in Deed Book 122, page 54.

By deed dated March 1, 1930, and recorded in the office of the recorder of deeds in Adams County in Deed Book 119, page 109, Rebecca Funt, widow and unmarried, conveyed to George R. Funt, one of her children, one of the

tracts of land which had been the subject of conveyance to her by all the heirs of Grant Funt, deceased, by the deed above referred to.

On January 24, 1931, the Citizens Trust Company entered a judgment against George R. Funt and Rebecca Funt for $600, to no. 207, January term, 1931, based on a judgment note. This judgment represented a new transaction between the Citizens Trust Company and the defendants. On the same day, January 24, 1931, the Citizens Trust Company revived the judgment from no. 259, April term, 1926, against George Funt as terre-tenant of the land originally bound for the sum of $570. The land bound by this revival was a tract of land conveyed by Rebecca Funt to George Funt by deed dated March 1, 1930, hereinbefore referred to.

On April 9, 1935, the Citizens Trust Company issued a writ of fi. fa. upon the judgment entered to no. 207, January term, 1931, against Rebecca Funt and George R. Funt. Under this execution the Sheriff of Adams County levied upon the real estate of Rebecca Funt and George R. Funt and advertised the same for sale on May 4, 1935.

George R. Funt died on April 27, 1935, leaving to survive him a widow, Dola Funt, who, on May 2, 1935, presented her petition to the Court of Common Pleas of Adams County in which it was prayed that the levy of the Citizens Trust Company upon the real estate of George R. Funt be stricken off, so that she might claim her widow's exemption out of the real estate so levied upon which, it was alleged, was of the value of $350. A rule was awarded on said petition and the execution was stayed pending the disposition of the rule. An answer to the rule was filed in which the facts above set forth were admitted and the matter came up for argument on petition and answer.

The questions raised by the answer are:

1. Whether or not the widow of the decedent has a

right to claim her widow's exemption out of the real estate of which the decedent died seized as against a judgment creditor, subject to the lien of whose judgment the decedent had acquired the real estate, when the value of the real estate in question is less than the amount of that judgment.

2. Can the widow claim her widow's exemption from real estate which has been seized and levied upon by the sheriff under a writ of fi. fa. issued prior to the death of her husband, which, together with the claim for exemption, occurred prior to the sale of the real estate?

It nowhere appears on the record, or in the petition or answer, that the judgment in question was given to secure the payment of the purchase money of the tract in question or of any other tract of real estate. The execution was issued on the judgment entered to no. 207, January term, 1931, which was subsequent in lien on the real estate of George R. Funt to the judgment revived to no. 208, January term, 1931, against George R. Funt, terretenant. The lien of this latter judgment, however, under the facts of the case, would have been discharged from the real estate of George R. Funt by the sale thereof under execution issued on judgment to no. 207, January term, 1931.

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 12, allowing the widow of a decedent to claim an exemption in the sum of $500 provides that she, under certain conditions which are present in this case,

"may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars; and the property so retained or claimed shall not be sold, but suffered to remain for the use of the widow or children. . . .

" (b) The provisions of this section allowing the widow or children of a decedent to retain real property, or the proceeds thereof, to the value of five hundred dollars,

shall not affect or impair any liens for the purchase-money of such real property."

Under the interpretation of this law the claim of the widow to the exemption is superior to claims of creditors generally.

When claimed out of real property or the proceeds of real property this claim is superior to claims of general creditors and judgment creditors, except those judgments whose liens are for the purchase money of said real estate claimed.

It is the contention of the petitioner that the judgment in question was not a purchase money judgment as against the real estate involved, either in form or in fact, and that it never became a lien for the purchase money on the real estate in question by any subsequent transaction. This is based upon the proposition that at the time of the conveyance of the property in question by Rebecca Funt and George R. Funt the Citizens Trust Company as an existing judgment creditor had no connection with and took no part therein, and therefore the character of the judgment being merely a lien to secure money was not changed to that of a lien to secure purchase money, and that the plaintiff, insofar as its security against the real estate is concerned, is in the same situation as if the purchase money were borrowed from a third party who had no other connection with the matter and who acquired no higher or greater right against the property purchased with the borrowed money than had any other creditor. To support this contention the petitioner relies on the case of Oransky v. Stepanavich, 304 Pa. 84, at page 89, where it is stated:

"It is doubtless true that, if the purchase money is borrowed from a third party who has no other connection with the matter, he acquires no higher or greater right against a property purchased with the borrowed money than has any other creditor. It is otherwise however where, as here, there is 'but one transaction,' whether the loan was secured by a purchase-money mortgage, or by a

judgment note. This is no longer an open question. Nottes's App., 45 Pa. 361, relied on by the court below, is not antagonistic. There we said, at page 362: 'Liens for purchase money may be mortgage, judgment, or by executory articles of bargain and sale; but they are always created in favor of vendors, and exist for their protection and benefit, or that of their assignees, or other legal representatives.' True, in that case we held that Hoover, whose money had paid part of the purchase price, was not entitled to be protected for that reason alone, because (page 364) 'there was no communication between the vendor and Hoover for a security for purchase money. . . . Between the vendors and him no treaty whatever occurred.' As pointing out the distinction between that situation and one like the present, we there referred to an unreported case of Stone v. Rattew, and said (page 364) that in it 'The transaction was such as to relieve this point of all doubt. Shaffer was the vendor of Stone, and Stone was vendor of Rattew, and it is of no consequence that the deed was made directly from Shaffer to Rattew, since it was so made by the common consent of all parties, for their mutual convenience, and became the consideration for Rattew's judgment as effectually as if it had been a formal conveyance by Stone to him.' In Albright v. Lafayette Building & Savings Assn., 102 Pa. 411, 417, we said all that is required, if the security is not taken in the name of the vendor, is that it be taken 'in the name of another by the act or deed of the vendor.' To the same effect is Jeanes v. Hitzer, supra. Finally, on this point, in Com. Title Ins. & Trust Co. v. Ellis, 192 Pa. 321, 327, we said: 'The delivery of the deed to the mortgagor and of the mortgage to the mortgagee were concurrent and simultaneous acts, and the money for which the mortgage was given was in actual fact a part of the purchase money paid for the property, at the very time of the delivery of the deed. In both of the cases, Cohen's App., 10 W. N. C. 544, and Albright v. The Assn., 102 Pa. 411, this court held that it was not necessary that

the lien should disclose on its face that it is for purchase money if in point of fact, whether it be a mortgage or judgment, it was given for purchase money.' "

The plaintiff in the judgment contends that because the purchase of the real estate by the decedent from Rebecca Funt was subject to existing judgments against real estate in her hands these existing judgments became part of the purchase money, and their security, as far as the particular land conveyed is concerned, was enlarged from an ordinary lien to one to secure purchase money.

Particular reliance is placed by the plaintiff on the case of Wanger's Appeal, 105 Pa. 346 (1884), wherein it was held that the minor child of a deceased mother was not entitled under the statute to claim an exemption; that against the real estate devised to the mother by the will of her deceased husband, the father of the claimant, no such claim could be made as against creditors of the testator who remained unpaid at the time of the death of the mother. In that case the devise by the will was made specifically subject to the payment of the debts of the testator. The court held that the title secured by the devise was only what remained after the payment of the debts of the testator, and as against those debts she had no estate out of which the minor child could claim an exemption.

It may be noted that in that case the will of the testator provided as follows:

"I give, devise and bequeath all my estate, real and personal, that shall be left after the payment of my just debts, to my beloved wife, Maggie Lewis, absolutely."

This form of bequest would seem to be the controlling feature in this case.

The instant case, however, differs materially in its facts from the Wanger case. Here, we have a conveyance of the real estate to the widow by the children, to whom, together with the widow, the title to the real estate descended, and a conveyance from the widow to George

Funt, the deceased husband of the plaintiff. It may also be noted that the only revival of the judgment by the plaintiff was against George Funt, the terre-tenant. No revival was had at any time against the estate of Grant Funt, the original debtor. Under the facts of the present case we are of the opinion that the Citizens Trust Company is in the same position as a judgment creditor whose judgment represents money borrowed from him for the payment of purchase money, he having no other connection with the sale of the land, and that the disposition of this case is governed by the principles set forth in Oransky v. Stepanavich, supra.

We conclude therefore that the plaintiff has a standing to claim her exemption out of the real estate in question as against, and with priority over, the judgment of the Citizens Trust Company.

It has been suggested that certain situations which might create hardship for lenders of money would arise if the claimant's right of exemption is recognized. This suggestion, in our opinion, should not have much weight as against the purposes of the act granting the exemption, particularly in view of the fact that the creditor, by his power to collect the money loaned through execution, could protect himself adequately from the anticipated situation suggested by the plaintiff. Then, too, any lender always has an opportunity to protect himself against the claim for exemption by taking a mortgage on the real estate in question to secure the payment of the money loaned.

Nor do we think that the fact that the present value of the real estate is less than the amount of the judgment has any bearing on the disposition of this case.

The other question raised in the present case is whether or not the right of the claimant to her exemption is destroyed because execution was issued and levy made on the real estate during the lifetime of George Funt, her deceased husband, no sale of the property having been yet made. We believe this question is ruled adversely to

the plaintiff, the Citizens Trust Company, by the case of Beetem & Co. v. Getz et al., 5 Pa. Superior Ct. 71.

And now, June 17, 1935, rule awarded in the above-entitled case is made absolute, and it is hereby directed that the levy on the execution issued to no. 34, April term, 1935, be stricken off insofar as it affects the real estate of George R. Funt, now deceased.