## Ochsenhirt Estate.

Argued April 20, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harold C. Lowe,* for appellant.

*Harry S. Dunmire,* for appellees.

OPINION BY BALDRIGE, P. J., July 19, 1945:

The question before us is: Has a minor child the right to a $500 exemption from the estate of her mother, with whom she lived, when the child's father is living and able to support her?

Avis H. Ochsenhirt died testate August 12, 1941, leaving to survive her a husband, Norman C. Ochsenhirt and one minor child, Avis Marie. Testatrix bequeathed her personal estate to her daughter, referred to in the will as "Amo" and two sisters, and named her husband as executor. The husband elected to take against the will. He filed an account claiming credit therein for $500, as his daughter's exemption, paid to the Union Trust Company of Pittsburgh, her guardian. Exceptions filed by the two sisters, challenging the

propriety of this payment, were sustained by the learned court below. This appeal by the executor followed.

The appellant bases his alleged authority to pay the exemption on section 12[a] of the Fiduciaries Act of June 17, 1917, P. L. 447, as amended by the Act of March 20, 1941, P. L. 9, §1, 20 PS §471. It reads in part as follows: "The widow, if any, or if there be no widow, or if she has forfeited her rights, then the children forming part of the family of any decedent dying, testate or intestate within this Commonwealth, ...... may retain or claim either real or personal property or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars, ......" The appellant argues that the words "any decedent" must be construed to apply to the estate of either the father or the mother. We are unable to accept this contention.

The statute under consideration should be viewed according to its spirit, as has been its antecedents, rather than the letter: *Nevins's Appeal*, 47 Pa. 230. Its primary purpose is to provide for the immediate needs upon the death of the head of the family, as other funds for that purpose are not always readily available. In the instant case this father, who is legally liable for the support of his minor child, is concededly a man of some financial standing and is able to support his child so that the purpose of the law is not defeated: *Bell's Estate*, 139 Pa. Superior Ct. 11, 15, 10 A. 2d 835.

This case is very similar to, and controlled by *King's Appeal*, 84 Pa. 345. There the children of a deceased wife claimed the exemption out of her estate as against the surviving husband. The Supreme Court, in denial of this claim, expressly held that the husband and father is liable for the support and maintenance of his wife and children while they remain members of his family and that the primary purpose of the Act of 1851, which was then under consideration, is to provide for the widow. "Its meaning and spirit limit its operation to

the property left by the husband or father. It was not intended to apply to the property of a wife."

Section 12 of our Fiduciaries Act of 1917, supra, is a codification of earlier statutes and did not change the existing law, and although it does not literally follow the Act of 1851, referred to in *King's Appeal,* it was founded thereon and its provisions are substantially the same. Judge HIRT in *Bell's Estate,* supra, p. 12, when section 12[a] of our Fiduciaries Act of 1917, supra, was under discussion, pointed out that authorities construing the earlier statutes "are persuasive in the interpretation of the section under consideration." The appellant, in his endeavor to get free from the binding effect of *King's Appeal,* supra, relies on *Himes's Appeal,* 94 Pa. 381, 383. As we read that case it affords him no relief; it rather reaffirms *King's Appeal.* There a child successfully sought to have as her exemption the property of her deceased mother, a widow, which was of a value of less than $300. It was contended that the child was not entitled to the exemption under the authority of *King's Appeal.* The court called attention, however, to the fact that the dispute there was between the husband of the deceased wife and her children. It stated, p. 383: "No marital rights of a husband are invoked, and the child does not claim property derived from a wife, but from a widow. The facts are so essentially different that the rule declared in King's Appeal does not apply. We adhere to the correctness of that ruling whenever applicable." See, also, *Wanger's Appeal,* 105 Pa. 346; Hunter's Pennsylvania Orphans' Court Commonplace Book, Vol. II, p. 1382; Remick, Pennsylvania Orphans' Court Practice, 3rd Ed., Vol. I, par. 176, p. 434, note 91.

The appellant takes the further position that the legatees under decedent's will did not have the right to object to the payment of the exemption to the minor daughter. We find no merit whatever to that objec-

tion. The exceptants, as legatees, ha'd an interest under decedent's will and therefore they had a perfect right to object to what they claim was an unlawful distribution. In *King's Appeal,* supra, as the surviving husband's full interests were endangered by an unlawful attempt to secure the children's exemption out of his wife's estate, his objection was recognized and prevailed. See, also, *O'Neill's Estate,* 266 Pa. 9, 109 A. 526.

Decree of the court below is affirmed at appellant's costs.