Stevens Estate.

260

Argued March 19, 1969.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*George Gershenfeld,* Counsel, with him *Bertram H. Kenyon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellant.

*Robert L. Walker,* with him *Thomas, Shafer, Walker, Dornhaffer & Swick,* for appellee.

OPINION BY MR. JUSTICE JONES, May 9, 1969:

This appeal presents a very narrow question of statutory interpretation:  may the family exemption be

deducted for inheritance tax purposes when there are no assets in the decedent's estate but when there are assets owned in joint tenancy with someone entitled to claim the exemption?

Irene Stevens [decedent] died intestate on February 22, 1968, a resident of Crawford County. At the time of her death there were no assets in her estate; the only asset subject to inheritance tax was an undivided one-half interest in property held jointly with her son, Alton G. Stevens. The son was a member of decedent's household and the decedent was not survived by a spouse; therefore, the son was a person who could properly claim the family exemption (Act of June 11, 1963, P. L. 124, §1, 20 P.S. §320.211 (pp)). After the decedent's death, Alton Stevens filed the requisite inheritance tax forms and claimed the statutory family exemption as a deduction. His theory was that he paid the exemption to himself out of his own funds since there were no assets in the estate from which to pay the exemption and he was, therefore, entitled to the deduction. The Register of Wills refused to allow a deduction for the family exemption. The Orphans' Court of Crawford County reversed. The Commonwealth has taken this appeal.

There are two statutes which are controlling in this case. The first is §601 of the Inheritance and Estate Tax Act which sets up the general framework for all deductions from the inheritance tax (Act of June 15, 1961, P. L. 373, art. VI, §601, 72 P.S. §2485-601). That section reads as follows: "The only deductions from the value of the property transferred shall be those set forth in this Article. [The family exemption is included among the allowable deductions under §613]. Except as otherwise expressly provided in this Act, they shall be deductible regardless of whether or not assets comprising the decedent's taxable estate are employed in the payment or discharge of the

deductible items: Provided, That when a tax is imposed upon a transfer described in sections 221-241 [§241 applies to joint tenancies], such deductions shall be allowed to the transferee only to the extent that the transferee has actually paid the deductible items and either (1) the transferee was legally obligated to pay the deductible items, or (2) the estate subject to administration by a personal representative is insufficient to pay the deductible items." The court below concentrated its analysis on whether the transferee, Alton Stevens, had fulfilled all the requirements following the word "Provided." We think this emphasis is misplaced. Before these requirements become at all relevant, the first sentence of §601 requires the transferee to establish that he is entitled to one of the allowable deductions. Therefore, the initial question in this case is whether Alton Stevens is entitled to a family exemption as a matter of estate law. If the answer to this question is affirmative, *then* the requirements of §601 become relevant.

In order to answer this question, we must turn to the second statute involved in this appeal—§211 of the Fiduciaries Act which establishes the family exemption. This section states: ". . . such children as are members of the same household as the decedent . . . may *retain or claim* as an exemption, either *real or personal property,* or both, not theretofore sold by the personal representative, to the value of one thousand dollars. . . ." (Emphasis added) In this case there were no assets in the estate so that Alton Stevens paid the exemption to himself from his own money. Even the court below admits this action was a legal fiction. The italicized portion of the statute quoted above would seem to require that there be actual assets in the estate from which the exemption can be claimed before the exemption can exist. The words of the statute do not embrace a situation where there are no assets in the

estate but where the transferee (in order to save on inheritance taxes) indulges in the fictitious procedure of "paying" the exemption to himself out of his own funds.

Alton Stevens counters this argument by contending that "upon the death of every decedent, by virtue of statutory provision, the inchoate right of a family exemption exists if there are qualified persons to claim it." This hardly appears to us to be an accurate paraphrase of §211. The inchoate right to a family exemption exists only if there are assets from which the exemption can be claimed.

An example should underscore the weakness in Alton Stevens' argument. Assume in this case that all the property was owned in joint tenancy by the decedent and a third person who was not a member of the family. In such a case Alton Stevens could not come before the Orphans' Court and ask for $1,000.00 in value from the property formerly held in joint tenancy and now, after the decedent's death, owned solely by the third person. He could not do so because there would be no assets in the decedent's estate. The property was conveyed to the third person by operation of law and did not go through the decedent's estate; therefore, Alton Stevens could exercise no rights over that property. If all this be true, we hardly think that it makes a difference that the property was owned in joint tenancy by the son instead of a stranger to the family relationship. Certainly, §211 does not provide for any such distinction.

Finally, we must look at the purpose of the family exemption. The exemption was included in the Fiduciaries Act so that the family of a decedent would have some funds available to tide them over until the decedent's estate was settled. *Schwartz Estate*, 166 Pa. Superior Ct. 459, 461, 71 A. 2d 831 (1950); *Ochsenhirt Estate*, 157 Pa. Superior Ct. 270, 272, 43

A. 2d 341 (1945); *Bell's Estate,* 139 Pa. Superior Ct. 11, 15, 10 A. 2d 835 (1940). In this case Alton Stevens received nothing because he "paid" the exemption from his own funds to himself. The legislative purpose behind the exemption would seem to indicate that no exemption should be allowed in this case because no valid purpose would be served thereby (other than to save Alton Stevens inheritance tax, a purpose which does not comport with the legislature's intent in allowing the exemption).

In the alternative, even if we were to adopt the lower court's approach to this question, we would still have to conclude that the court below was in error. The lower court, in effect, looked at §601 and held that, regardless of what the first sentence might mean, the remainder of the section sets forth an exception for estates containing no assets, which exception controls this case.

The second sentence was added to §601 to reverse the result in *Kritz Estate,* 387 Pa. 223, 127 A. 2d 720 (1956).* It was intended as a restrictive, rather than

---

* 1963 Report of the Joint State Government Commission, following 72 P.S. §2485-601; Grossman & Smith, Pennsylvania Inheritance and Estate Tax, §601-2, at 299: "It is the proviso in the second sentence of 1961 §601 which changes the earlier law. . . .

"Kritz Est., 387 Pa. 223 (1956), involved entireties property subject to a mortgage, and the debt was held deductible (to the extent of the decedent's one half share of the obligation) in the computation of tax due on other property owned by the decedent and her sister with rights of survivorship, although there was no probate estate and the surviving spouse paid the entire mortgage debt.

"The proviso in 1961 §601 would clearly alter the decision in Kritz Estate, for the sister (the transfer to whom is taxable under 1961 §241) could claim the debt as a deduction only if she in fact paid it and was obligated to do so or the probate estate was insufficient to do so. In Kritz Estate, the sister did not pay the mortgage debt, nor was she obligated to do so; however, had she paid it, then the result would be the same under 1961 §601 as it

an expansive, amendment. We must conclude from reading the opinion of the court below that it was using this amendment to create a tax deduction which did not exist before the legislature adopted the second sentence. We think that, in passing this amendment, the legislature intended to limit, rather than to expand, the allowable deductions from inheritance tax where there are no assets in the estate and that the lower court was in error in holding that this amendment carved out an exception which authorized a family exemption in this situation.

Furthermore, we think that, on the face of the statute, the taxpayer has not qualified for a deduction. The act states that a deduction "shall be allowed to the transferee only to the extent that the transferee has *actually* paid the deductible items. . . ." (Emphasis added) In this case Alton Stevens paid nothing. We cannot believe that the word "actually" can be construed in any reasonable fashion to encompass the situation where a taxpayer "pays" the exemption to himself.

We hold that Alton Stevens is not entitled to the family exemption deduction on his inheritance tax return because (a) he does not qualify for the family exemption as a matter of fiduciary law and (b) because he has not "actually" paid the family exemption as required by Section 601.

Decree reversed.

———

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent, and would affirm on the Opinion of the Court below.

———

was in that case, for there was no probate estate which could have paid the debt. See 1961 §634. . . .

"A literal interpretation of 1961 §601 requires that the transferee actually make a payment in satisfaction of the debt. . . ."

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I believe that the family exemption should be available where, as here, the taxpayer is a member of the decedent's household who can properly claim the exemption under §320.211 and there is a tax against which the exemption can be set off. Hence I dissent and would affirm the court below.

Mr. Justice EAGEN joins in this dissent.