### Metlisky Estate

C. *George Milner*, for accountant.
*Murray B. Dolfman*, for Commonwealth.

KLEIN, Adm. J., June 12, 1970.—Jacob Metlisky died on June 18, 1969, unmarried, his wife having predeceased him, leaving to survive him issue whose names are recited in the statement of proposed distribution and leaving a will which was admitted to probate on June 26, 1969, when letters testamentary were granted. Proof of advertisement of the grant thereof was produced to the auditing judge.

By his will, testator bequeathed his entire estate to his wife, Anna Metlisky, and if she should predecease him he devised and bequeathed his entire estate, in equal shares, to his grandchildren, Carol Ann Coyle and Anna Marie Marino. He further appointed the accountant as guardian of the estates of any minors, with further provisions not necessary to recite.

All parties in interest are stated to have received notice of this audit.

Credit is taken in the account for payment of the family exemption of $1,000 to decedent's granddaughter, Carol Ann Coyle. Section 211 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, 20 PS §320.211, contains the following provision with respect to family exemptions as of June 18, 1969, the date of decedent's death:

"The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as are members of the same household as the decedent, and in the event there are no such children, then the parent or parents of the decedent as are members of the same household as the decedent, may retain or claim as an exemption, either real or personal property, or both, not theretofore sold by the personal representative, to the value of one thousand dollars* . . ."

* Increased to $1,500 by section 2 of Act No. 108 of 1970.

No provision is made in this section for the payment of the family exemption to a grandchild of a decedent and our research has failed to disclose any decision dealing directly with this question. In Wheeler Estate, 31 D.&C. 2d 145 (Wash., 1963), the family exemption was claimed by a stepdaughter of a decedent who was domiciled in petitioner's home at the date of her death. President Judge Marino, in a comprehensive and scholarly adjudication, denied the claim after reviewing at considerable length the law on the subject.

The Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §501 et seq., is of little help to us in resolving the question at issue. The reference to the word "child" is found under definitions in article VIII, 46 PS §601(21), which merely states that " 'child' or 'children,' includes children by birth or adoption."

"In their primary and commonly understood meaning, 'child' and 'children' refer to parentage; and in this sense, one or the other term has been defined as meaning descendant, descendants, issue, or legitimate offspring of the first degree . . . In the absence of special circumstances or considerations and since in its ordinary, popular, and legal sense, the word embraces only the first generation of off-spring, . . . it is the general rule that the term 'child,' or the plural 'children,' in its natural sense and proper signification, will be held not to include . . . grandchildren . . ." 14 C. J. S., Child, p. 1106. See Puterbaugh Estate, 261 Pa. 235 (1918); Worstall Estate, 125 Pa. Superior Ct. 133 (1937).

By analogy, in construing testamentary writings, grandchildren have been excluded under a bequest to children unless it is established that testator meant to

provide for the children of a deceased child by clear intention or necessary implication. See Hallowell v. Phipps, 2 Wharton 375 (1837), and the many cases cited in 4 Hunter's Penna. Orphans' Court, Legacies and Devises, §6(b).

We therefore conclude that the family exemption can be claimed only by a spouse, a child or a parent of a decedent, not by a child's child. Accordingly, Carol Ann Coyle, decedent's granddaughter, is not entitled to the family exemption which she has claimed, and the credit taken therefor will be stricken from the account.

Our function as a court is to construe legislation as enacted by the General Assembly. We cannot legislate. In Stevens Estate, 434 Pa. 259 (1969), Mr. Justice Jones said:

". . . we must look at the purpose of the family exemption. The exemption was included in the Fiduciaries Act so that the family of a decedent would have some funds available to tide them over until the decedent's estate was settled. Schwartz Estate, 166 Pa. Superior Ct. 459, 461, 71 A. 2d 831 (1950); Ochsenhirt Estate, 157 Pa. Superior Ct. 270, 272, 43 A. 2d 341 (1945); Bell's Estate, 139 Pa. Superior Ct. 11, 15, 10 A. 2d 835 (1940)."

It seems unfortunate that the legislature failed to include grandchildren in the class entitled to receive the family exemption. In our rapidly changing and unsettled society of today, grandchildren are often being raised by grandparents. In many cases, they are in more urgent need of assistance upon the death of the grandparent than the other relatives designated in the act. Perhaps our lawmakers should consider further amendment to section 211. . . .

And now, June 12, 1970, the account is confirmed nisi.