# Nevins's Appeal.

*Widow's right to benefit of exemption law.*

Under the Acts of 1851 and 1859, the exemption allowed to the widow and children of decedents, must be paid directly to the widow : the children of the decedent are not entitled to any portion of it.

APPEAL from the Orphans' Court of *Philadelphia*.

This was an appeal by Mary Nevins, the widow of Christopher Nevins, deceased, from the decree of the Orphans' Court in relation to her claim for the sum of $300, under the Widows' Exemption Law.

The case came into the Orphans' Court on the petition of Richard H. Darrah, administrator of deceased, in which he set forth that the decedent died intestate in the month of March 1863, leaving a widow, Mrs. Mary Nevins, and three children by a former wife, viz.: Catharine, Christopher, and Ann, all of whom survive, are of full age, and unmarried ; that the widow has claimed for herself $300 out of the cash now in his hands, according to the provisions of the Acts of 14th of April 1851, and 8th of April 1859, annexing the demand of the widow ; that he has in his hands more than enough cash to meet the said demand ; that he is in doubt whether he should pay over the said money to the widow, there being children of the decedent who are equally entitled to the provisions of the said Act of Assem-

bly with the widow, and who object to the said money being paid to her, claiming it themselves, and praying such order and decree in the premises as may seem meet.

The widow answered the petition, claiming that the "retention is by the widow, and the appraisement is to her."

The son and daughters of the deceased answered that the $300 should be divided in "proportionate parts" between the widow and themselves.

Upon the petition and answers the court (THOMPSON, P. J.) delivered the following opinion:—

"Where a decedent leaves a widow and children, the Act of 1851 and its supplements authorize the retention, for their benefit, of $300 worth of property, or the same amount of money belonging to his estate, for their mutual benefit. The widow is regarded in the light of a trustee for her children, and the amount goes into her hands for the use of the family. Where, however, the relation of the widow to the decedent's children is that of a stepmother, who, neither in feeling nor in fact, stands, after the death of the father of the family, in the relation of a mother to the children, and where the family ties are then sundered, and the widow is not in a position to administer the property or money to be retained for their mutual benefit, it would seem that the intention of the law must be carried out by some other means. Certainly the children of a decedent, who formed part of his family, and derived their support from him, are, equally with the widow, entitled to consideration and protection; and even though they may, as in this case, have reached adult age, their necessities may be as great as hers. It is for the court, in the absence of any express direction of law, to endeavour to administer the trust which is designed for the decedent's family, so as to benefit all for whom it is designed. The rule of the intestate law seems to us as little liable to objection as any that can be applied to the present case. Under that, the one third part of the sum reserved out of the property of the decedent should be paid to the widow, and the remainder be applied to the benefit of the children who lived with him as his family."

This appeal was then entered, and the ruling of the court below assigned for error.

*Charles Sergeant*, for appellant.

*J. McIntyre*, for appellees.

The opinion of the court was delivered, March 10th 1864, by

STRONG, J.—When, by the Act of 1851, it was enacted that the widow or the children of any decedent dying within this Commonwealth, testate or intestate, may retain either real or personal property belonging to said estate, to the value of $300, nothing more was intended than a temporary provision for the

widow, and those immediately dependent upon the deceased. The act was not designed as a statute of distributions. It has always been construed rather according to its spirit than its letter. Thus a widow who had deserted her husband, or who had lived in a foreign country, separated from her husband, never a part of his family here, or a widow who has married again, has been held not entitled to the benefits of the act. The same regard for the manifest intention of the legislature requires us to hold that children who are adults, who are not members of the immediate family of the decedent, but have gone out from the paternal home to provide for themselves, are not the beneficiaries intended. If they are, then in cases where there is no widow, $300 may be taken from the creditors of a decedent, by his children who are above want, who were independent of any assistance from their father in his lifetime, and who have families of their own. Such could not have been what was intended by the legislature. They had in view doubtless a family broken up by the death of its head, a widow suddenly deprived of her protector and provider, and children looking to the widow for the support which the father had given. It was to enable the widow to extend that support, the act was passed. She was not made a technical trustee. It was assumed her affection for the children would be a sufficient safeguard to their interests. In most cases the widow is the mother of the children. If she be but a stepmother, they are generally safe in her regard not only for them, but for the deceased. Certainly it would not tend to the promotion of domestic harmony, to invite the children (or relatives of a first wife, using the names of the children) to assail the character of their father's widow, though but a stepmother, and contest her right to administer the bounty given by the law for herself and her deceased husband's family. Were such a door open, there is reason to believe it would not unfrequently call forth some of the worst passions, and the bounty of the legislature, instead of being a blessing, would prove a curse. In a certain sense, the widow is a trustee for herself and the family; not however, for herself and adult children, who are no members of the family. She is responsible only in a court of conscience. The law has left to her discretion the proper use of the fund placed in her hands, declaring only that it is intended for herself and the family. We think, therefore, the Orphans' Court erred in not decreeing the entire sum of $300 to the appellant.

The decree of the Orphans' Court is reversed, and it is ordered that the sum of $300 be paid to the appellant, and that the costs of this appeal be paid by the appellees.

WOODWARD, C. J., was absent at Nisi Prius when this case was argued.