## John H. Snider's Estate.    Appeal of Jeremiah Gelwicks, Guardian of Carrie May Snider.

*Will—Decedents' estates—Election by widow— Widow's exemption.*

Testator left surviving him a widow, and a daughter by a former marriage. His property consisted mainly of real estate, the personal property not being sufficient to pay the debts. By his will he directed as follows : " I give and bequeath to my beloved wife, the interest or income of one-third of my estate, or the proceeds of the sale thereof, left after the payment of my just debts, funeral expenses, and the cost of settling my estate, for and during the period of her natural life ; also the three hundred dollars exemption allowed her under the act of April 14, 1851 and its supplements, the above to be in lieu of her dower at common law or under the statutes of this state." After the will was probated, the widow claimed and received personal property to the value of $300. She subsequently claimed to take under the will. *Held*, that the widow was not entitled to receive the legacy of $300 in addition to the $300 worth of property, which had been appraised and set apart for her.

Argued March 10, 1896.    Appeal, No. 90, July T., 1895, by Jeremiah Gelwicks, guardian of Carrie May Snider, from decree of O. C. Franklin Co., overruling exceptions to auditor's report. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, and FELL, JJ.    Reversed.

Exceptions to auditor's report.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to auditor's report.

*O. C. Bowers*, for appellant.—When the widow received the $300 worth of property allowed her by the act of 1851 the provision of the will in that regard was complied with, and she was not entitled to have it a second time : Machemer's Estate, 140 Pa. 544.

*Walter K. Sharpe*, of *Sharpe & Sharpe, Ellis E. Foust* with him, for appellee.—A testator cannot by his will control the widow's right to her exemption under the act of April 14, 1851, P. L. 616 : Compher v. Compher, 25 Pa. 31 ; Peeble's Est., 157 Pa. 605.

OPINION BY. MR. JUSTICE FELL, April 6, 1896 :

The right in controversy is that of the widow of the testator to a legacy of $300 under the following provision of his will: "I give and bequeath to my beloved wife, Martha E. Snider, the interest or income of one third of my estate, or the proceeds of the sale thereof, left after the payment of my just debts, funeral expenses, and the cost of settling my estate, for and during the period of her natural life ; also the three hundred dollars exemption allowed her under the act of April 14, 1851 and its supplements, the above to be in lieu of her dower at common law or under the statutes of this state."

Four days after the will was admitted to probate the widow claimed and had appraised and set apart for her under the provisions of the act of 1851, P. L. 616, personal property to the value of $300. At the audit of the final account of the executor of the estate she gave notice of her election to take under her husband's will, and claimed the legacy in addition to the $300 worth of property which she had received. The question is whether she can take both the allowance and the legacy.

Having taken $300 under the act, whether she can now take $300 more under the will depends upon the intention of the testator, to be ascertained from the will. The question is one of construction only. The testator left surviving him a widow, and a daughter by a former marriage. His property consisted mainly of real estate. There was not sufficient personal property to pay his debts. His intention appears to have been to give his widow what the law would give her, one third of the income of his real estate for life and $300 in personal property. This intention would not have been made more clear if he had said that she should take what the law allowed her. · The legacy of $300 is expressly given in lieu of her rights under the statute. While he could not by a testamentary gift deprive her of any right secured by law,·he could give her the option to take under his will what she could have taken without it, and this is what he did.

In Peebles' Appeal, 157 Pa. 605, a legacy of $1,000 was give to the·widow of the testator in lieu of all of her rights to the estate. She made no formal election to take under the will, but she expressed to the executor her intention to take the legacy. The legacy was not paid ; and within three months of the tes-

tator's death, having learned that the executor had appropriated all the personal property to his own use with the intention to account for it at the appraised value only, she notified him of her demand for $300 under the act of 1851. The question raised was not whether having received the amount of the exemption she could still claim the full amount of the legacy, but whether under all the circumstances the executor was justified in refusing her demand.

The order of the court dismissing the exceptions to the report of the auditor is reversed, with costs to be paid by the appellee, and the record is remitted for further proceedings.