## Limber's Estate.

*Husband and wife—Divorce—Decree—Voidable decree—Laches —Widow's exemption.*

1. A void decree can be taken advantage of at any time in any court, but a voidable decree must be attacked directly in the proceedings in which it is entered, and is not subject to collateral attack.

2. A woman who institutes divorce proceedings and secures a decree in her favor, upon which she relies for thirty years, cannot aver, after the death of the husband and in order to secure the widow's exemption, that she was in fact his widow, where an inspection of the divorce proceedings shows that the decree was voidable only and not void.

Argued September 29, 1925. Appeal, No. 153, March T., 1925, by Martha Limber, from decree of O. C. Ve-

nango Co., Jan. T., 1924, No. 5, dismissing petition to set aside prior proceedings awarding widow's exemption, In re Petition of Martha Limber in estate of Charles R. Limber, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition to set aside proceedings, awarding. widow's exemption to Ida E. Limber. Before CRISWELL, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Martha Limber, petitioner, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Quincy D. Hastings,* for appellant.

*Donald Glenn,* for appellee, was not heard.

PER CURIAM, November 23, 1925:

On petition of Ida E. Limber, alleging that she was the widow of Charles R. Limber, deceased, the court below set aside part of his estate to cover her exemption and permitted her to take against the will of decedent. Some time after these proceedings had been concluded, the present appellant, Martha Limber, petitioned the court below, alleging that she, and not Ida E. Limber, was the widow of Charles R. Limber, and praying that the aforesaid orders be vacated; a rule to show cause was granted, and, at hearing thereon, the court found facts as follows: Decedent married Martha Limber September 9, 1891; April 24, 1893, she sued in the Common Pleas of Venango County for an absolute divorce; September 11, 1893, the divorce was granted; after the last mentioned date, decedent married a woman named Woods, and had by her three children, two of whom yet survive; after the death of this woman, he married Ida E. Limber, and had by her two children, both of whom survive. Notwithstand-

ing appellant's own action in obtaining the decree of divorce, and that, from the date of the decree until the death of Charles R. Limber, she had regarded both herself and him as free from each other, she endeavored, in the present proceedings, to have the decree obtained by her, more than thirty years ago, declared null and void, claiming the record of the divorce showed on its face that the court which granted the decree had no jurisdiction, because a reading of the evidence taken before the examiner appointed by the divorce court would show that a full term of two years had not expired between the date of the desertion alleged in the libel and the date of the final decree.

The court which granted the divorce had jurisdiction of the subject-matter and there was actual service on the respondent; the libel, filed by the present appellant, alleged facts showing jurisdiction in the court and that the pleading in question was filed at a proper time. Under the circumstances, if anything subsequently occurred in the proceedings which showed error in the decree, it would be voidable only and not void: for appropriate rule, see 19 Corpus Juris 174. A void decree can be taken advantage of at any time in any court, but a voidable decree must be attacked directly in the proceeding in which it is entered, and is not subject to collateral attack: see McDonald's Est., 268 Pa. 486, 489.

The order of the court below is affirmed at cost of appellant.