## Bell's Estate

*Ralph C. Busser, Jr.*, for exceptants.

*Joseph P. Gaffney*, contra.

BOLGER, J., December 9, 1938.—The question raised by these exceptions is whether an adult daughter, forming part of the family of decedent, is entitled to the $500 ex-

emption. Decedent was survived by his widow, who by reason of mental and physical incapacity, failed to claim the exemption, and died within 10 weeks of her husband's demise. The exemption is opposed by a creditor of decedent.

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 12(a), grants the exemption to "The widow, if any, or if there be no widow, or if she has forfeited her rights, then the children forming part of the family of any decedent".

Where a widow survives who is entitled under the act, she takes the exemption to the exclusion of the children: Nevins' Appeal, 47 Pa. 230; and if she waives the privilege of the act, it is lost to the family: Staley's Estate, 21 Dist. R. 72. See also Wanger's Appeal, 105 Pa. 346, and Henkel's Estate, 13 Pa. Superior Ct. 337, 341.

The right to the exemption is a personal right, and the death of the widow without demand is a waiver: Desmond's Estate, 28 Dist. R. 231, where the widow survived decedent by but 11 days. In McClintock's Estate, 240 Pa. 543, the right to elect to take against a will, which is also a personal right, was lost by death within two days.

As pointed out in Henkel's Estate, supra, the purpose of the legislation is to protect the family from financial distress immediately after the death of the spouse or parent, and during the process of the settlement of the estate. There is nothing on the record to show why this claim could not have been made by someone on behalf of the widow, in which event it would have been set apart for her in her lifetime, and would now be available for the payment of the debts incurred for her maintenance. This circumstance, however, bears no weight in the legal determination of the question.

The argument of exceptant is to the effect that the purpose of the act is to award the exemption in the alternative, that is, if the widow does not receive it, then it shall be payable to the children who were members of decedent's household. Unfortunately, the act does not

support this broad construction. The right of the widow to take if she survives is clear, unless "she has forfeited her rights". We take it that the forfeiture must occur during the lifetime of decedent, because the rights of the parties are determined as of the date of his death.

The sympathies of the court in this case are with exceptant, who under the facts appears to have been a devoted and loving daughter, and whose claim has been so ably presented by her counsel. Unfortunately, the right claimed is a statutory one, and reluctantly we must hold that the auditing judge was correct in his conclusion, namely, that the act denies the right of claimant, and that the remedy for the correction of any possible injustice in future cases lies with the legislature.

The exceptions are dismissed and the adjudication confirmed absolutely.

KLEIN, J., dissenting.—I cannot concur in the majority opinion. I think the exceptions should be sustained and the exemption awarded to the daughter who claims it.

I have read all the cases cited in the majority opinion and cannot accept them as authority for the conclusion reached therein. In my judgment, these cases can all be readily distinguished. In Staley's Estate, 21 Dist. R. 72 (1911), the claim for exemption was not made until eight years after the death of the husband. The case was decided entirely on the question of laches. In Wanger's Appeal, 105 Pa. 346 (1884), the factual situation is so different from the present case that it clearly can have no bearing on our decision. Judge Porter, in Henkel's Estate, 13 Pa. Superior Ct. 337 (1900), by way of dictum, said (p. 341):

"If such surviving widow waives the privilege of the act, it is lost to the family: Davis's Appeal, 34 Pa. 256." But if Davis' Appeal is examined, no reference of any kind can be found which will support the quoted statement.

Although section 12(*a*) of the Fiduciaries Act of June 7, 1917, P. L. 447, does not adopt literally the language of the exemption Act of April 14, 1851, P. L. 612, its provisions are substantially the same: Crawford's Estate, 81 Pa. Superior Ct. 222 (1923). The general purpose of the legislature was clearly to protect the family from financial distress immediately after the death of the father and during the process of the settlement of the estate: Henkel's Estate, supra. Notwithstanding the fact that the exemption is intended primarily for the benefit of the surviving widow, the children forming part of decedent's household are also embraced within its protection.

Exemption acts have been enacted in a spirit favorable to decedent's widow and children and should be interpreted in the benignant spirit in which they were conceived. See Hildebrand's Estate, 262 Pa. 112 (1918), Peebles' Estate, 157 Pa. 605 (1893), Lyman's Admr. v. Byam et ux., 38 Pa. 475 (1861), and Merten's Estate, 14 Erie 240 (1932). Such statutes should always be construed according to the spirit rather than the letter: Nevins' Appeal, 47 Pa. 230, 232 (1864).

The auditing judge, as well as the writer of the majority opinion, state that it is with reluctance that they reach the conclusion which deprives the daughter of the exemption. Yet they insist upon a literal construction which is not in harmony either with the spirit or the language of the act.

Section 12(*a*) of the Fiduciaries Act, supra, provides for the exemption to "The widow, if any, or if there be no widow, or if she has forfeited her rights, then the children forming part of the family", etc. Our problem is to determine what the legislature meant by this language. Did it mean that the time of determining whether there is a widow is at the instant of death, or did it mean the date on which the claim is made? Since the language is vague and lacking in certainty, I believe it is our duty to give it the construction most favorable to decedent's

daughter. In order to sustain the position adopted by the majority of the court, it is necessary to insert the word "surviving" in the section and cause it to read as if it said, "if there be no widow [surviving]." This cannot be done if it is to be construed beneficently.

The majority opinion states that the rights of the parties are to be determined as of the date of the husband's death. This, in my judgment, is not a correct statement of the law. The courts have held that the right of the widow does not vest at the death of her husband, but only when she has elected to exercise the right. Thus, a widow who has a full right to claim exemption at the instant of her husband's death may lose it by remarrying before the claim for exemption is made: Kerns' Appeal, 120 Pa. 523 (1888). And if she dies before she claims the exemption, her personal representatives are barred from claiming: Desmond's Estate, 28 Dist. R. 231 (1918). If the widow's rights are determined as of the date of the husband's death, then in both these cases the claim for exemption should have been allowed.

If the rule adopted in the majority opinion is carried to its logical conclusion, it would mean that if a husband and wife, who have minor children, are killed as the result of a common accident and the husband dies instantly but the wife survives by an hour, the children would be deprived of the exemption. I cannot believe that the legislature intended such a harsh result.

I am, therefore, of the opinion that if the widow dies after the death of the husband, the exemption should be granted to the children forming part of the family if the claim is made within a reasonable time. What is a reasonable period of time depends upon the facts and circumstances of each case, although generally about one year is considered a proper period in which to make the claim: Cram's Estate, 114 Pa. Superior Ct. 463 (1934). Under the facts of the present case, I am of opinion that the exemption should be awarded to the surviving child.

Ladner, J., joins in this dissent.