## Keyser's Estate

*William M. Ewing* and *Julius L. Schoenberg*, for exceptant.

*William I. King* and *A. E. Kountz*, for accountant.

*Louis Rosenberg*, for Commonwealth.

TRIMBLE, P. J., July 5, 1939.—The question is whether a widow of a man domiciled in Pennsylvania and residing in Ohio at the time of his death is entitled to an exemption under section 12 of the Fiduciaries Act of June 7, 1917, P. L. 447, and a year's allowance under a statute of the State of Ohio.

At the audit it appeared that Charles F. Keyser died on March 10, 1934, and resided in Duquesne, Allegheny County, Pa. Domiciliary letters were granted in Allegheny County, Pa., on April 28, 1934, to the two executors named in the will, one of whom is now deceased. Decedent died at Cuyahoga Falls, Ohio, and ancillary letters were granted in that jurisdiction. An account was filed by the executors.

It appears that on August 20, 1934, Maggie B. Keyser, the widow, had been paid the sum of $500 as an exemption and it further appeared at audit that she had claimed and was paid, under the statute of the State of Ohio, the sum of $650 by the ancillary administrator out of assets in the State of Ohio. That statute (see vol. 7, Page's Ohio General Code, sec. 10509-78, p. 380) provides as follows:

"When a non-resident decedent leaves property in Ohio, the probate court of any county in which the property or any part of it is located, in its discretion and on satisfactory showing as to the circumstances of the case, may set off a year's allowance to such decedent's widow and children; provided, however, that no such allowance shall be set off if the laws of the state of decedent's residence make provision for year's allowance for widows and children of resident decedents. The year's allowance so set off shall be a charge on the Ohio real estate of such decedent located within the county in which such allowance was made, or in any other county . . . of which a transcript of the proceedings relating to the setting off of such allowance has been filed."

In the decree entered the widow's exemption claim was disallowed and surcharged. Exceptions were filed thereto which raise the question whether the exemption is claim-

able after receipt of the year's allowance under the Ohio statute.

If the exceptions were sustained, a widow would have unlimited rights to claim statutory allowances in all States which so provide, regardless of the number, if a decedent happened to own property therein, if she could qualify under the statute. The qualification under the Ohio statute is that she may not have the allowance "if the laws of the State of decedent's residence make provision for one year's allowance for widows and children of resident decedents." The Pennsylvania statute (Fiduciaries Act, sec. 12) makes no such allowance. In it "The widow, if any, or if there be no widow, or if she has forfeited her rights, then the children forming part of the family of any decedent dying, testate or intestate, within this Commonwealth, or dying outside of this Commonwealth, but whose estate is settled in this Commonwealth, may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars, and the property so retained or claimed shall not be sold, but suffered to remain for the use of the widow or children." In Hawkins on Orphans' Court Principles and Practice at page 152, it is said: "The reason given for the exemption is that it is a humane provision for the immediate wants and to relieve the distress of residents of the State on the removal by death of the head of the family." In Nevin's Appeal, 47 Pa. 230, Mr. Justice Strong, writing for the court, said (p. 232) that the legislature "had in view doubtless a family broken up by the death of its head, a widow suddenly deprived of her protector and provider, and children looking to the widow for the support which the father had given. It was to enable the widow to extend that support, the act was passed." The statute in force when that language was used has been changed by the Fiduciaries Act of 1917 which now "extends this exemption to widows of persons dying outside the State."

There is no doubt at all that the only amount that she can have from a Pennsylvania estate in any circumstances is $500 or its equivalent in value. It does not seem to be reasonable that she can claim in Pennsylvania the sum of $500 when she has already received it from another jurisdiction. We do not believe there is any question of conflict of laws in this case. We rely on a strict interpretation of the statute of the State of Pennsylvania. It was made for "her immediate wants." She obtained $650 from her husband's estate in Ohio for her use and, having accepted that, she forfeited her right to a claim for an exemption in the State of Pennsylvania. If she were a resident of Pennsylvania, her claim should have been presented here: if of Ohio, she had a right to the allowance which she received from property located in that State, but she cannot claim from both jurisdictions unless the amount allowed to her by one State were less than the amount allowed to her in Pennsylvania; then she could claim the deficiency.

The exception will be dismissed and the decree of the auditing judge affirmed.

NOTE.—An appeal from the foregoing decree was taken to the Superior Court on July 25, 1939, but was discontinued.