Bell's Estate.

Argued September 28, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Ralph C. Busser, Jr.,* for appellant.

*Joseph P. Gaffney,* with him *Joseph P. Gaffney, Jr.,* for appellee.

OPINION BY HIRT, J., January 30, 1940:

The question in this appeal has to do with the construction of section 12(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS 471 [1] providing an exemption to a widow or children of a decedent. This section is founded upon the Act of April 14, 1851, P. L. 612, and is a codification of the earlier statutes with additions which have been written into the former acts by judicial construction. There is nothing in the Fiduciaries Act indicating that the legislature intended to change the existing law on the subject. The authorities construing these former statutes, therefore, are persuasive in the interpretation of the section under con-

---

[1] The widow, if any, or if there be no widow, or if she has forfeited her rights, then the children forming part of the family of any decedent dying, testate or intestate, within this Commonwealth, or dying outside of this Commonwealth, but whose estate is settled in this Commonwealth, may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars.

sideration: *Crawford's Estate,* 81 Pa. Superior Ct. 222.

Abraham C. Bell died May 2, 1937. At the time of his death his wife was on her death bed and she died ten weeks later without having claimed her widow's exemption. It is admitted that during the whole of the period by which she survived her husband, she was inarticulate and was incapable, both physically and mentally, of claiming the benefit of the statute. After her death an adult daughter who had lived with her parents "forming part of the family" claimed the exemption in the estate of her father and was refused. This appeal followed.

The exemption provision in the Act of 1917 is not a statute of distribution, and the exemption is not an inheritance. It is wholly a gratuity, based upon the existence of the family relationship at the time of decedent's death: *Hildebrand Estate,* 262 Pa. 112, 104 A. 866; *Est. of John B. Fenyo,* 105 Pa. Superior Ct. 560, 161 A. 606. Since title to the exempted property and the right to claim it does not vest upon the husband's death and the widow's right to the property attaches only upon her claiming it (*Kern's Appeal,* 120 Pa. 523, 14 A. 435), the demand of the daughter is not barred on the ground that title to the property had vested in another. The right of the widow or of a child is determined with reference to the date the claim is made and not as of the date of death of the decedent.

The present act provides for an exemption to the children if the widow has forfeited her right; the same effect was given to the former acts by judicial construction. A widow's right may be forfeited by desertion (*August Braum's Estate,* 86 Pa. Superior Ct. 245), by divorce (*Limber's Estate,* 284 Pa. 346, 131 A. 244), by voluntary separation (*Crawford's Estate,* supra), by antenuptial (*Tiernan v. Binns,* 92 Pa. 248) or postnuptial agreement (*Haendler's Estate,* 81 Pa. Superior Ct. 168), by remarriage, or long delay or lapse of time (*Clark's Estate,* 275 Pa. 506, 119 A. 590), or other

14

similar causes. There is nothing in the record in this case, however, even remotely suggesting a forfeiture of the widow's right on any ground. The claim of the daughter therefore cannot rest upon any act of the widow which worked a forfeiture of the widow's right. On the other hand there was no waiver of the privilege by the widow which barred the daughter's claim. The right of the widow, for herself and on behalf of the family, is a personal privilege and as such may be waived by neglecting to demand an appraisement: *Davis' Appeal*, 34 Pa. 256, and it has been held that "if such surviving widow waives the privilege of the act, it is lost to the family:" *Henkel's Estate*, 13 Pa. Superior Ct. 337. But a waiver, in law, is the act of "intentionally relinquishing or abandoning some known right, claim or privilege:" Webster's Dict., 8 Words and Phrases 7375. The widow in the present case was mentally incapable of comprehending the nature of her right or of conceiving the intention of enforcing it either directly or by having a committee or guardian appointed. No one moved for the appointment of a representative to act for her: *German's Case*, 318 Pa. 200, 178 A. 38. Because of her disability, her failure to assert her claim did not amount to a voluntary abandonment of a known right and, therefore, was not a waiver. Appellant is not barred on that ground.

We are thus back to the main question, whether the bare fact that decedent was survived by a mentally incompetent widow, on whose behalf the right was not asserted and who died shortly after her husband, will defeat the claim of the daughter. We are of the opinion that the legislature did not so intend. To sustain the order disallowing the claim, it would be necessary to give the act a strict and literal construction which wholly ignores its broad purpose. The statutory exemption is a preferred claim or gift of the law prompted by consideration of public policy; *Peeble's Estate*, 157 Pa. 605, 27 A. 792, and exemption statutes have always received

an interpretation consistent with their conception: *Hildebrand's Estate,* supra. These statutes have always been considered rather according to their spirit than to the letter: *Nevin's Appeal,* 47 Pa. 230. "The purpose of that Act [April 14, 1851, P. L. 612] was to make immediate provision for the wants of the family when the head of it is removed by death ...... This is obvious from the language and history of the law ...... The motive of the enactment is clearly traceable, in the legislation of the State, to the family necessity:" *Hettrick v. Hettrick,* 55 Pa. 290. All of the authorities are to that effect, and the facts in this case present a situation which the legislature intended to relieve; the estate is insolvent and the daughter was obliged to pay funeral and other expenses out of her own funds.

In *Henkel's Estate,* supra, the widow had entered into a separation agreement with her husband and was no part of his family at his death. The Supreme Court in *Odiorne's Appeal,* 54 Pa. 175, in *Nye's Appeal,* 126 Pa. 341, 17 A. 618, and in *Dillinger's Appeal,* 35 Pa. 357, cited in Henkel's case, had held that a voluntary separation works a forfeiture of the widow's right, and the refusal of the exemption to the widow might have rested upon that ground alone. In that case, however, Judge PORTER found occasion to interpret the Act of 1851 and to state the general principles which govern its application. He said: "It is manifest that the intention of the legislature was to provide for those who were dependent upon the decedent as members of his family, and there was some purpose in introducing the term 'widow or children'. If the widow has any right, it is superior to that of the children, but it is conceded that if no widow survive, the children can claim. It is the priority of the right of the widow, so long as she is capable of taking, which excludes the children, and so long as that right is in existence the claims of the children must remain in abeyance. It is not, however, the mere existence of a widow, but the existence of her

16

right which defeats the right of the children. If there be no widow capable of claiming, the beneficent intention of the legislature to provide for the dependent family is not to be defeated because there is living a widow who is not capable of taking." These principles are rules of construction of the Act of 1917 as well, and apply with equal force to the facts in this case. That there was a widow in this case does not defeat the right of the child nor the fact that the right actually existed in the widow for the ten weeks during which she survived the decedent. So long as the widow lived, the child's right was in abeyance but when the widow died without having regained the capacity to claim, the daughter's right attached. It is conceded that the daughter presented her claim within a reasonable time after the death of her father. At the time she asserted her right there was no widow and, for the reasons stated, she should be awarded the exemption.

Judgment reversed at the cost of the estate.