Opinion by
 

 Baldrige, J.,
 

 This is an appeal from the order of the Orphans’ Court of Allegheny County removing the administrator of the estate of John R. Davies, Jr., deceased, and allowing the widow’s exemption.
 

 John R. Davies, Jr., a resident of Allegheny County, died intestate March 4, 1938, leaving to survive him a widow, the appellee herein and three minor children. The sole asset of his estate was a piece of land situate in the Township of Mifflin, Allegheny County, consisting of two lots, Nos. 278 and 279 in the Duquesne Annex Plan of Lots, recorded in the Recorder’s Office of Allegheny County, Plan Book Volume 24, page 174. Prior to decedent’s death L. H. Botkin obtained a judgment against him. On April 7, 1937, John P. White, Esq., attorney for Botkin, caused a writ of fieri facias to be issued, and the aforesaid real estate to be levied upon and sold at sheriff sale to John Jonosko and Helen Jonosko. A deed was delivered and recorded in D. B. V.
 
 *9
 
 2571, p. 130, June 2, 1937. No writ of scire facias was issued warning the personal representatives of Davies or the executors, as required by the Fiduciaries Act of 1917, June 7, P. L. 447, §15 [i], 20 PS §529.
 

 The widow presented a petition to the court of common pleas alleging that the plaintiffs’ sale was void and asked that the same be set aside and the deed stricken from the record. The rule granted thereon was made absolute on January 22, 1938. On February 2, 1938, she presented to Judge Chalk ant of the Orphans’ Court of Allegheny County a petition setting forth that the value of the real estate of which decedent died seized did not exceed $500 and asked that it be set aside to her on account of her widow’s exemption as provided in section 12 [¶] of the Fiduciaries Act of 1917, supra, 20 PS §477. The petition was retained by the judge but was not marked “filed” until March 2, 1938, on the date the land was awarded to the widow.
 

 Eobert L. Botkin, one of the executors of the will of L. H. Botkin, deceased, presented his petition as a creditor to the Eegister of Wills on February 10, 1938, for the appointment of an administrator of the estate of John E. Davies, Jr., and prayed that letters be granted to John F. White. The purpose of this application undoubtedly was to comply with the provisions of section 15 [i] of the Act of 1917, supra. Mr. White, as above noted, had represented L. H. Botkin in the execution proceedings. The Eegister of Wills granted the prayer of the petitioner. All that White, as administrator, apparently did was to accept the service of the writ of scire facias, which was issued subsequent to his appointment. He filed no answer thereto nor did he notify the widow that the sole asset of her husband’s estate was levied upon, and that the land was to be resold by the sheriff. It appears that neither the widow, her attorney, nor the court, had knowledge that letters of administration had been granted until after the order of
 
 *10
 
 March 2, 1938, allowing the widow’s exemption, had been entered.
 

 On March 10, 1938, the executors of the will of L. H. Botkin, deceased, filed exceptions to the granting of the exemption. Before they were disposed of the Register of Wills on the petition of the widow issued a citation directing John F. White
 
 to
 
 show cause why the letters of administration granted to him should not be revoked. After an answer was filed thereto the widow presented a petition to the orphans’ court praying that the exceptions filed to her exemption be held in abeyance pending the outcome of the proceeding she instituted to have the letters of administration revoked.
 

 The Register of Wills then certified the proceedings pending before him to the orphans’ court. On February 1, 1940, that court after argument entered a decree refusing to revoke the granting of letters of administration and directed that the record be remitted to the Register of Wills “without prejudice to the rights of the widow and the widow’s claim for exemption.” Exceptions filed thereto were dismissed on March 6, 1940. Two days later, to wit, March 8, the court in banc set aside and struck from the record the decree of March 6. On the same day the court entered a further decree sustaining the exceptions filed by Ruth M. Davies to the order entered February 1,1940, and directed that John F. White, as administrator of the estate of John R. Davies, Jr., be removed and the letters of administration granted to him be revoked, and dismissed the exceptions filed to the allowance of the widow’s exemption. This appeal followed.
 

 We will consider first the appellants’ contention that the court erred in awarding the exemption to the widow as she was guilty of laches in making her claim. Section 12 [a] of the Fiduciaries Act of 1917, supra, 20 PS §471, which gives the right to a widow to claim the exemption, is silent as to the time within which she must make her claim. The principal case on which appellant relies
 
 *11
 
 is
 
 Clark Estate,
 
 275 Pa. 506, 119 A. 590, wherein Mr. Justice Simpson, speaking for the court, said: “It may now be considered as established by
 
 Kern’s App.,
 
 120 Pa. 523, and
 
 Machemer’s Est.,
 
 140 Pa. 544, — the earlier conflicting authorities being overruled therein, — that if there has been no sale of the property allotted to a widow, an award of exemption to her may be set aside, on due application, if she had remarried ‘before her election was made’ or if there was ‘a delay of a year in claiming her exemption.’ ” In that case the widow did not present her claim until five years after the death of the decedent and in the meantime she had remarried.
 

 In
 
 Kern’s Estate,
 
 supra, decedent died in April 1880. Letters testamentary were issued March 4, 1882 and the widow, who had remarried, did not file her claim for widow’s exemption until September 24, 1883, almost three and one-half years after the testator’s death and almost twenty months after the granting of letters. The court there said p. 530: “While we do not mean to say that she should be allowed so much as one year in which to claim her $300 exemption, the analogy of the statute which subjects her to a compulsory citation to elect as against a will, at the expiration of
 
 twelve months from her husband’s death,
 
 admonishes us that a delay of a year in claiming her exemption is gross laches, and in itself evidence of a waiver of her right.” (Italics supplied.)
 

 Under the provisions of law now in force the right to elect to take against a will exists for
 
 one year after the issuance of letters.
 
 See Wills Act of 1917, June 7, P. L. 403, §23 [b], as Anally amended by the Act of 1935, July 8, P. L. 611, §1, 20 PS §262. If section 23 of the Wills Act gives any aid whatever by way of analogy to a proper construction of section 12 [a] of the Fiduciaries Act, it would be favorable to the widow’s contention that she was not guilty of laches in making her claim as her petition was presented before letters of ad
 
 *12
 
 ministration had been granted and 39 days after the sheriff’s deed had been set aside.
 

 In
 
 Machemer’s Estate,
 
 also referred to in the opinion in the Clark case, the decedent died in 1860 and letters testamentary of his estate were not issued until 1887. The widow there remarried and died without having made any claim for exemption; it was made by her executor. In none of these cases was a one year limitation at issue.
 

 In
 
 H. G. Beetem & Co. v. Getz et al.,
 
 5 Pa. Superior Ct. 71, 75, we held that while the Acts of 1849, April 9, P. L. 533 12 PS 2161 et seq. and 1851, April 14, P. L. 612, upon which section 12 of the Act of 1917, supra, is founded, fixed no time limit for a widow to claim her exemption, it must be made within a reasonable time after the right accrues, and a reasonable time depends upon the circumstances of each particular case.
 

 In
 
 Estate of William Cram, Deceased,
 
 114 Pa. Superior Ct. 463, 174 A. 838, we held under the circumstances existing there, that the delay of the widow for nineteen months after her husband’s death and for more than thirteen months after letters testamentary were issued on his estate, convicted her of laches.
 

 In
 
 Bell’s Estate,
 
 139 Pa. Superior Ct. 11, 10 A. 2d 835, we said p. 13: “The right of the widow or of a child is determined with reference to the date the claim is made and not as of the date
 
 of
 
 death
 
 of the decedent.”
 

 In Degenkolv et al. v. Daube et al.,
 
 143 Pa. Superior Ct. 579, 18 A. 2d 464, we held that if the widow’s claim is not made until after an “undue length of time” the right is lost.
 

 Judge Penrose,
 

 whose outstanding ability as an Orphans’ Court Judge has been long recognized, very aptly said in
 
 Kelly’s Estate,
 
 3 District Report, 15, 16: “Delay on the part of a widow in the assertion of her right to exemption is evidence of a waiver, and if prolonged unduly or until circumstances have changed or
 
 *13
 
 new rights intervened, it may operate as an estoppel. It is, however, susceptible of explanation; and if no one has been prejudiced by it the exemption may still be awarded:
 
 Williams’s Est.,
 
 141 Pa. 436.” See, also,
 
 Vandevort’s Appeal,
 
 43 Pa. 462.
 

 A review of the decisions of our appellate courts convinces us that it cannot be said that regardless of what the facts and circumstances may be there is an unyielding limitation of one year for a widow to claim her exemption and that thereafter she is barred from claiming it. To so hold disregards the broad purpose of our law to give the widow her exemption, which is recognized as a preferred claim or gift prompted by consideration of public policy:
 
 Peeble’s Estate,
 
 157 Pa. 605, 27 A. 792.
 

 Whatever harm, if any, that the appellants have sustained was largely, if not entirely, due to the defective proceedings which they instituted, and not the result of the failure of the widow to promptly make her claim for exemption. Before the second sale occurred the judgment creditor and his attorney knew the claims and rights of the widow and assumed all risks in subsequent proceedings. “Exemption acts have been conceived in a spirit favorable to widows and have received an interpretation consistent with their conception- ...... Such exemption is a wife’s inchoate property right in a husband’s estate, which becomes complete when as his widow she sustains her claim for it.”
 
 Hildebrand’s Estate,
 
 262 Pa. 112, 104 A. 866. See, also,
 
 Hettrick v. Hettrick,
 
 55 Pa. 290.
 

 The question of laches is determined on equitable principles and the widow’s rights should only be defeated when it clearly appears that under all the attending circumstances she failed to exercise due diligence and that her delay was prejudicial to others. In the instant case Judge Trimble in his opinion said: “It is not a part of the administration of justice to be astute to defeat this time-honored right of the widow.”
 

 
 *14
 
 The widow was not compelled to go to the expense of taking out letters of administration immediately after the death of her husband. The estate was insolvent and under advice from counsel she refrained from seeking her exemption. The delay in the granting of letters of administration was as much the fault of the judgment creditor as the widow. See Remick: Pennsylvania Orphans’ Court Practice, Vol. I, p. 11. She never took any affirmative action that indicated that she forfeited or waived her claim. In view of the attending circumstances in this case we think that the widow’s right to an exemption should not be defeated owing to her alleged laches.
 

 We come now to the question of whether the court below erred in revoking the letters of administration. Section
 
 2
 
 [d] of the Act of 1917, supra, as amended by the Act of March 24, 1921, P. L. 51, §1, May 25, 1939, P. L. 209, §1, 20 PS §348 requires that applications for letters of administration shall set forth the “names and residences of the surviving spouse, if any, and of the next of kin of the intestate.” The court found as a fact, which must be accepted as true, as the findings of fact have not been assigned as error, that while the petition for the appointment of John F. White as administrator stated the address of the widow and children of John R. Davies, Jr. was unknown, the administrator and the judgment creditor knew that Ruth. M. Davies was represented by counsel, that no notice was given to counsel, nor was any request made to him to furnish his client’s address.
 

 Furthermore, the administrator failed to advertise the granting of letters thus violating section 10 of the Act of 1917, supra, 20 PS §441 or to comply with rule 12 of the Orphans’ Court of Allegheny County, which provides as follows: “Sec. 1. Immediately after the grant of letters testamentary or of administration, the fiduciary shall notify the widow or children of the right to an exemption of the value of $500 ......” The appel
 
 *15
 
 lants attempt to justify their failure to give notice, by asserting that the widow was a non-resident. There is no proof of that allegation; it does appear, however, that she was living in Meadville, Pennsylvania while this proceeding was pending.
 

 Another duty of the administrator, which was not performed, although it is not very important in this case, was the preparing and filing of an inventory within 30 days from the time of administration granted: Section 11 [a], Act of 1.917, supra, 20 PS §442. He did, however, violate in several material particulars, to which we have referred, the express requirements of the law to the detriment of the widow. There can be no question that letters of administration may be revoked if wrongfully or improvidently granted: Section 5 of the [Register of Wills Act of 1917, supra, P. L. 415, 20 PS §1863;
 
 Phillip’s Estate,
 
 293 Pa. 351, 143 A. 9. An administrator is not only a trustee for the benefit of creditors, but the widow and children of the decedent:
 
 Wolfe et al. v. Lewisburg Trust and Safe Deposit Com
 
 pany, 305 Pa. 583, 158 A. 567. As the court below says the obvious appointment of White as administrator was to “set up a straw man who could be warned by scire facias that an execution was to be issued upon the aforesaid judgment entered by L. H. Botkin against John E. Davies, Jr.,......” It is quite obvious that the administrator did not attempt in any way to notify the widow of any of the proceedings instituted in this case, or otherwise take steps to protect her interest.
 

 A careful consideration of this case fails to convince us that the court erred in revoking the letters granted to Mr. White.
 

 Order of the court below is affirmed.