## Katz's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*David N. Feldman* and *Harry C. Liebman,* for exceptants.

*Edward Unterberger,* contra.

LADNER, J., January 21, 1944.—The exceptions here question the ruling of the learned auditing judge allowing a widow's exemption.

Decedent died January 22, 1941, testate. A caveat having been filed, administrators pendente lite were appointed February 11, 1941. The contest proceedings were later withdrawn and letters testamentary granted October 5, 1942, to the executrix named in the will. The administrators pendente lite filed their account March 31, 1943, which was audited May 3, 1943, and the balance shown by that account awarded to the executrix. Though the widow had filed her election to take against the will, she apparently did not claim her exemption until the audit of the executrix's account October 6, 1943, one year and a day after the executrix qualified.

The auditing judge ruled that the right of the widow to her exemption is not to be defeated by her delay

unless it is shown that her failure to assert her claim earlier was due to lack of diligence and that her delay prejudiced others, citing Davies' Estate, 146 Pa. Superior Ct. 7 (1941). See also McCarter's Estate, 36 D. & C. 625 (1939), where a delay of 19 months, not shown to have been prejudicial, was not permitted to defeat such a claim.

We think the learned auditing judge's ruling correct unless the widow should have made her claim when the account of the administrators pendente lite was audited some five months before. In Ellmaker's Estate, 4 Watts 34 (1835), it was held that an administrator pendente lite is an officer of the court, whose duty is limited to filing an inventory, taking care of the assets, and collecting and paying debts. His authority does not extend to the payment of legacies or making distribution of the estate. Except where the contest is protracted, debts are not ordinarily paid or allowed at his accounting, the better practice being to confine his administration to gathering in and conserving the decedent's estate: Clemens' Estate, 21 Dist. R. 175 (1912); but distribution is never made: Loughran's Estate, 257 Pa. 534 (1917).

While it might have been entirely proper for the widow here to have made her claim for her exemption at the audit of the account of the administrators pendente lite, the record shows that the auditing judge (Bolger, J.) heard no claims, passed on no debts, and followed the usual practice of awarding the balance shown in the account to the executrix who had then qualified.

A study of this record reveals a factual situation that is both unique and tragic. Decedent's will is a bitter and venomous document. The parties in interest were involved in extended litigation, making completely uncertain both the amount and manner of distribution.

The law is well settled that exemption statutes have been enacted in a spirit favorable to decedent's widow

and children and should be interpreted in the benign spirit in which they are conceived. See dissenting opinion, Klein, J., in Bell's Estate, 34 D. & C. 200 (1938) (reversed in 139 Pa. Superior Ct. 11), and cases cited at page 203.

Under the unfortunate circumstances existing in this case we are all of the opinion that the allowance of the widow's claim for exemption by the auditing judge must be sustained, particularly in view of the absence of a showing that her delay caused any prejudice to the rights of any other parties in interest.

The exceptions are dismissed and the account is now confirmed absolutely.