## Lentz Estate

*W. W. Van Baman*, for claimants.

*Russell F. Griest*, contra.

KOHLER, P. J., February 14, 1961.—This matter is before the court on objections to a joint claim by an adult daughter and a minor daughter to the family exemption.

Shirley A. Swartz, the adult daughter, and Mary E. Lentz, the minor daughter for whom National Bank of York County is guardian, presented their claim jointly on November 22, 1960. Prior to final confirmation, Laura M. McFadden, surviving executrix and a daughter legatee under decedent's will, filed written objections on the basis that decedent was survived by a widow who failed to claim the exemption, thus making the exemption unavailable to children.

The facts were stipulated by counsel at a hearing held on January 31, 1961, and are as follows:

Decedent died, testate, on July 17, 1960, survived by a widow, Mary E. Lentz, and five children. On the date of decedent's death, the widow and the two claiming children were living with decedent in a family relation and in the same household.

Decedent's will was probated August 12, 1960, by his widow and Laura M. McFadden, both of whom were named executors and were granted letters testamentary. The will bequeaths a life estate to the widow with remainder, on her death, to the children. On September 27, 1960, the widow, as an executrix, joined in the affidavit to the inventory subsequently filed on September 30, 1960.

On October 14, 1960, the widow died without having claimed her family exemption.

There is no evidence that the widow had forfeited her right to the exemption prior to decedent's death.

The governing statutory provision is section 211 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, 20 PS §320.211, as follows:

"The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as are members of the same household as the decedent, may retain or claim as an exemption, . . ."

In construing the present statute, we adopt the reasoning of our Superior Court in its construction of the predecessor exemption statute, section 12(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, as follows:

"There is nothing in the Fiduciaries Act indicating that the legislature intended to change the existing law on the subject. The authorities construing these former statutes, therefore, are persuasive in the interpretation of the section under consideration": Bell's Estate, 139 Pa. Superior Ct. 11, 12.

The exemption provision is not a statute of distribution, and the exemption is not an inheritance. It is entirely a gratuity, based upon the existence of the family relationship at the time of decedent's death. The right of a spouse or a child is determined with reference to the date the claim is made and not as of the date of death of the decedent: Bell's Estate, supra.

If the surviving widow waives the privilege of the act, it is lost to the family: Henkel's Estate, 13 Pa. Superior Ct. 337. The right of the widow is a personal privilege and may be waived by neglecting to demand an appraisement: Davis' Appeal, 34 Pa. 256.

We believe that Mary E. Lentz, the surviving widow, must be deemed to have waived her claim to the ex-

emption. She was an executrix of the will, participated in its probate, and as one of the personal representatives caused an inventory to be prepared and filed under her own affidavit and signature. Almost three months elapsed after decedent's death during which she failed to make claim for the exemption. We believe such failure constitutes a waiver where the rights of other distributees have now intervened by virtue of her death without having claimed the exemption.

We are fully aware that the law is well settled that exemption statutes have been enacted in a spirit favorable to decedent's widow and children and should be interpreted in the benign spirit in which they are conceived: Katz's Estate, 49 D. & C. 215. Further, that they have always been considered rather according to their spirit than to the letter: Nevins' Appeal, 47 Pa. 230. However, we have been cited no authority, and our own research has disclosed none, which allowed the exemption to children where decedent was survived by a widow who was entitled to the exemption and capable of claiming it.

Bell's Estate, supra, is cited by the claimants but presented a far different factual situation. The estate was insolvent and the claim was made by a daughter who had been obliged to pay funeral and other expenses out of her own funds. The widow was on her death bed when her husband died, mentally incompetent, and died 10 weeks later without having regained competency and without having claimed the exemption. The claim of the daughter was sustained because the widow's incompetency precluded a waiver of her rights and the daughter's rights attached after her mother's death since there had been no widow capable of claiming the exemption. Under our facts, Mary E. Lentz, the surviving widow, was capable of claiming the exemption and failed to do so.

212

We are aware that the general purpose of the legislature, in enacting the exemption provisions, was clearly to protect the family from financial stress immediately after the death of decedent and during the process of the settlement of the estate: Henkel's Estate, supra. Here, that purpose is fulfilled by reason of the fact that the widow of decedent, being the mother of the two claiming children, had a separate estate of her own at the time of her death on October 14, 1960, and out of which the two claiming children have been awarded a family exemption. Orphans' Court Docket 8-L, page 122.

And now, February 14, 1961, the claim of Shirley A. Swartz and Mary E. Lentz for a family exemption in the estate of Clayton C. Lentz, deceased, is hereby dismissed.